## BURGER *a.* BAKER.

*Supreme Court ; Putnam Special Term, October,* 1856.

INQUEST.—REGULARITY.—JUDGE'S DECISION IN WRITING.

An inquest will not be set aside as irregular because the action is improperly brought in the name of both husband and wife, when it should have been brought by the wife alone.

Nor on account of a variance between the complaint and judgment, and the proof given.

Nor because the judge allowed an amendment of the complaint by which the plaintiffs were allowed a larger recovery than they otherwise could have had.

These are objections which can only be urged upon *appeal.*

Whether exceptions can be taken to the finding of the court in case of trial without a jury, when the party excepting did not appear upon such trial—*Query ?*

Regular proceedings of plaintiff in taking an inquest ought not to be set aside for the mere reason that the inquest was suffered by defendant through the neglect or misconduct of his own attorney.

The decision in writing required by Section 267 of the Code, to be filed in case of trial by the court without a jury, should embrace a distinct determination of the material issues raised by the pleadings. A mere direction to enter a certain judgment is not a compliance with the section.

The requirement that the decision, in case of trial by the court without a jury, shall be filed within twenty days, is merely directory.

Motion to set aside an inquest and subsequent proceedings for irregularity.

This action was brought by William Burger and his wife, against George Baker, to recover lands claimed as the separate property of the female plaintiff. An inquest was taken, which defendant now sought to set aside.

*Mr. Purdy* for the motion.

*Mr. Tompkins* opposed.

EMOTT, J.—This is a motion to set aside an inquest and all subsequent proceedings, including a judgment and execution, on various grounds. The action was ejectment, and was tried at the Westchester Circuit in June, 1856. The cause was called in its order on the calendar, and the defendant having made no affidavit of merits, and not appearing, the court proceeded to try

the cause without a jury, and after hearing the evidence directed a judgment for the plaintiffs.

It is alleged that this judgment was erroneous, because the action was to recover lands of which the plaintiff, Sarah H. Burger, was averred and proved to be seized to her separate use, and therefore her husband should not have been joined in the action. Whether this was error or not, and if it were, how it should have been pointed out and taken advantage of, are questions which it is unnecessary to decide upon this motion. It is evidently not such an irregularity as can be reason for setting aside the inquest and judgment.

Nor is the supposed variance between the complaint and judgment, and the proof, in respect to a right of way secured by the deed upon which the plaintiffs seem to have recovered and which is supposed to be cut off by the judgment, an irregularity. If there has been an error here, it can only be available to the defendant on appeal.

The same remark applies to the objection, that the judge at the Circuit improperly permitted an amendment of the complaint by which, as the defendant alleges, the plaintiffs were allowed to recover more lands than they claimed in bringing their action. I cannot, at special term, review the action and decision of a judge at the Circuit on such a point.

If these questions can be raised at all, it must be on appeal. The counsel who argued this motion for the defendant urged, that it was by the neglect or misconduct of the attorney then employed by his client that the cause was tried as an inquest and without the appearance of the defendant, and that in consequence of this many if not all of these questions are no longer open. How far exceptions to the finding of the court upon a trial when the party excepting did not appear may extend, and whether all the objections suggested at this argument can be raised by such exceptions, may perhaps be questions of some doubt. Fortunately for the defendant in such an action as the present, the statute gives him the right to a new trial upon the payment of the costs of the action; which, in all, cannot very greatly exceed what he would, as a matter of course, be subjected to if his present application were granted as a matter of favor.

But even if this were not so, I cannot see any reason in the affidavits for relieving the party from the consequences of the

acts of the attorney whom he had employed. There seems to have been no haste in the proceedings of the plaintiffs. The cause had been allowed to stand upon the calendar for one or two circuits before it was tried, without an affidavit of merits. It was not called out of its order when it was tried, and the defence seems to have been voluntarily relinquished by those who had charge of it, and that, as the plaintiffs say, with the knowledge and consent of the defendant. There is no proof of any collusion, and the court would not be justified in such a case in setting aside the ordinary and regular proceedings in the action, to permit the defendant to litigate a defence which had once been abandoned by the attorney whom he had authorized to act in his behalf, upon a conviction, as it would seem, on his part, that it was insufficient. These views will dispose of all the nine reasons given for this application, except certain special grounds of irregularity in the manner in which the judgment was entered.

The only irregularity which it is necessary to notice consisted in the want of a written decision by the court or judge who tried the case. No decision signed by the judge has ever been filed; but at the time of the trial the decision was announced orally, and by the order of the judge the following entry was made in the clerk's minutes of the Circuit under the title of the cause—" Ordered that the plaintiff amend his complaint to correspond with the map and diagram proved by Cornell, the witness; and thereupon judgment be given for the plaintiff that he recover the lands so to be described in the complaint, with costs." This seems to have been all that was ever done by or under the direction of the court. At a subsequent day the entry in his rough minutes was reduced to somewhat more of form by the clerk, and an entry made reciting that the cause was called and the defendant did not appear, and after hearing the proofs on an inquest without a jury, the judge ordered and adjudged that the complaint be amended, and that the plaintiffs have judgment and recover the lands described in the amended complaint.

I do not think this is a compliance with section 267 of the Code. It is unnecessary to decide whether the decision "in writing," which this section directs, must be signed by the judge. Undoubtedly it is the more correct and safer practice that it

should be. But even if the court can authorize the clerk to make up and file a decision, that decision must be something more than a mere minute of what takes place at the trial, something more than merely the order or direction of the court to amend a pleading, or that the clerk enter judgment. That may be a rule or order, but it is not a decision of a question of fact. This section applies to trials by the court in all cases, whether they take place by the consent of the parties or on a default; and I am unable to perceive any reason for construing or applying it differently, whether the cause is decided on the trial or the decision is made subsequently. In either case, the court should determine the issues made by the pleadings so far as they are material, and express and record not merely a direction to enter a judgment, but a decision that the plaintiff or defendant had established this or that proposition or claim; as, for instance, in the present case, that the plaintiffs had title in fee and the right to the possession of the premises described in this complaint as amended, and that the defendant was in possession; and that the plaintiffs were entitled to a judgment for the fee simple, and the possession of the premises. Then judgment would follow of course, by the direction and under the authority of this section of the Code, and without any further action or direction by the court.

The question then arises, whether after a trial by the court its decision must be filed within twenty days, or its power over the cause be lost, and a re-trial necessarily be had. This cannot be so. The court does not lose its jurisdiction of the action, nor its power to render judgment. That cannot be taken away after a trial, unless by explicit words of the statute. The object of this section was to expedite and render certain the decision of causes, by setting a time for the judge within which he should be enjoined by the law to determine the causes tried before him. But if an omission or accidental failure to render or file a decision within the precise number of days named in the statute, involved the risk and delay, and expense of a re-trial, the effect of the statute upon the whole would be more vexatious than beneficial to suitors. I think this section ought to be regarded as merely directory; and while a great and unreasonable delay on the part of a judge in deciding a cause, would furnish a reason for applying to the court for redress, and this section would

afford the means of relief; on the other hand, after a decision has actually been filed, or can be made within a brief period after the expiration of the twenty days, and especially when the decision has actually been reached and declared by the judge, and the only omission has been to record it in proper form, the parties should not be driven to the necessity of trying the cause again.

The irregularity in the present case affects only the judgment; the inquest and trial were regular, and there is no reason shown for setting them aside. But the judgment and all subsequent proceedings must be set aside; and the plaintiffs must, within ten days after notice of the order to be entered on this motion, file a proper decision by the judge who tried this cause.

Such decision, when filed, shall be of the same effect as if made and filed at the trial, and the defendant may except to it in the same manner. If such decision is not filed within that time, the inquest and all subsequent proceedings will be set aside. Neither party to have costs of this motion.

---

## OAKSMITH *a.* SUTHERLAND.

*New-York Common Pleas; General Term, November*, 1856.

### RIGHT TO DISCONTINUE.—COUNTER-CLAIM.

The fact that defendant has answered, setting up a counter-claim, does not preclude the plaintiff from discontinuing before reply or demurrer, or expiration of the time to reply.

Motion for leave to discontinue.

*By the Court.*—BRADY, J.—Before the time to reply had expired the plaintiffs tendered the costs which accrued on a discontinuance before issue joined, and gave notice of discontinuance at the same time. Subsequently, and before the period to reply had elapsed, the plaintiffs gave notice of motion for leave to discontinue this action. The reasoning in Cockle *a.* Underwood (1 *Abbotts' Pr. R.*, 1) does not apply therefore to this case, the counter-claim not having been admitted by the plaintiffs. The notice of discontinuance and the tender of costs were