## MARY P. BRIDGER v. RICHARD WEEKS.

This court has no power to review a judgment where the judge after hearing the evidence on both sides and upon deliberation after the trial is concluded, orders judgment for the defendant, on the ground that the plaintiff has misconceived his remedy and is not entitled to the relief claimed, even if his allegations were all true; but there is no finding of facts by the judge.

The code is explicit that in that class of cases the judge must state his conclusions of fact.

*Appeal from a judgment of the Supreme Court, affirming a judgment of the special term, dismissing the plaintiff's complaint, with costs.*

*Geo. Miller*, for the appellant.

*R. Jennings, jun.*, for the respondent.

DENIO, C. J.    This case was tried before Mr. Justice BROWN without a jury. The plaintiff and the defendant are the grantees of the same person, the plaintiff's deed being the earliest in date, and the defendant's the last recorded. The action is brought to set aside the defendant's deed, or to deprive the defendant of his priority under the recording act, on the ground that he took his conveyance with knowledge of the plaintiff's deed; and furthermore that he obtained that conveyance by means of a gross fraud practised upon the common grantor. Judge BROWN decided against the plaintiff on the ground that she had misconceived her remedy and was not entitled to the relief claimed, even if her allegations were all true. But there is no finding of facts. There is an opinion of Judge BROWN contained in the return and printed in the case, containing the reasons of the learned judge in support of the conclusion to which he arrived. It does not state whether the allegations of fraud, or of notice to the

defendant of the plaintiff's prior deed are established or not, but it is determined that even assuming them to be established, the plaintiff can have no redress in this action. We are not entitled to review a judgment presented in such a shape, as we have very often decided. It was the more necessary to have the facts ascertained; for the evidence upon the disputed points was very conflicting. The judgment was not in the nature of a non-suit, for the judge heard the evidence on both sides, and the decision was made upon deliberation after the trial had been concluded. We cannot say what facts upon the two points were really established. It is enough, however, that the code is explicit that the judge in this class of cases must state his conclusions of fact. The judgment must be affirmed.

All the judges concurred. Judgment affirmed.