## S. T. SANBORN & another *vs.* JOHN H. FLAGLER.

A contract in this form, "Will deliver S. R. & Co. best refined iron 50 tons within 90 days at 5 ct p lb. 4 of cash. Plates to be 10 to 16 inches wide and 9 ft to 11 long. This offer good till 2 o'clock Sept. 11, 1862. J. H. F. J. B. R.," is sufficient, within the statute of frauds, to bind J. H. F. to deliver the iron to S. R. & Co., after their oral acceptance of the proposition, he having signed the same in behalf of a firm of which he was a member

CONTRACT brought originally by the plaintiffs, who were partners under the firm of Sanborn, Richardson & Co., against John H. Flagler and ―― Holdane, as partners under the firm of Holdane & Co. The writ was served only upon Flagler, and he alone appeared to defend the action. The plaintiffs alleged that the defendants had refused to deliver to them fifty tons of best refined iron, in accordance with the terms of a written agreement entered into between them.

The defendant in his answer set up, among other defences, the statute of frauds.

At the trial in the superior court, before *Morton*, J., Josiah B. Richardson, one of the plaintiffs, was called to the stand, and produced, to be offered in evidence, a paper, of which the following is a copy as near as can be made :

" Will deliver S. R. & Co. Best Refined Iron 50 tons within 90 days ― at 5 ct p lb 4 of cash. Plates to be 10 to 16 inches wide and 9 ft to 11 long. This offer good till 2 o'clock Sept. 11, 1862. J. H. F. J. B. R."

The witness was proceeding to testify in relation to the execution and delivery of the same, when the defendant objected that the paper was not on its face or in fact any sufficient note or memorandum in writing of the alleged bargain signed by the party to be charged, and that parol evidence was not admissible to add to, modify or explain the paper, so as to make it such a memorandum as could be admitted. But the judge ruled that the paper was a sufficient note or memorandum under the statute, and would bind the defendant if he was a member of the firm of Holdane & Co. The witness then testified that the agreement was written by him, and that he and the defendant

signed their initials, the defendant writing the initials " J. H. F."
and he the initials " J. B. R.," and that before two o'clock on the
day named, and before the defendant left the plaintiffs' office, he
accepted the proposition, and so stated to the defendant verbally.
The witness also testified that he signed his initials on behalf
of the plaintiffs, and that he understood the defendant to sign
for the firm of Holdane & Co. This evidence was not contro-
verted by the defendant.

The judge ruled that said paper, with the explanations given,
if Richardson was believed, was a sufficient note or memoran-
dum, and was binding on the defendant, if the jury found him
to be a partner as alleged.

The jury found a verdict for the plaintiffs, and the defendant
alleged exceptions.

*C. T. Russell,* for the defendant, cited *Abeel* v. *Radcliff,* 13
Johns. 297; *Goss* v. *Nugent,* 5 B. & Ad. 58; *Waterman* v. *Meigs*
4 Cush. 497; *Champion* v. *Plumer,* 1 New R. 252; *Sherburne* v.
*Shaw,* 1 N. H. 157; *Webster* v. *Ela,* 5 N. H. 540; *Bailey* v. *Og-
dens,* 3 Johns. 419; *Nichols* v. *Johnson,* 10 Conn. 192; *Morton*
v. *Dean,* 13 Met. 385; *Brown* v. *Parker,* 7 Allen, 337; *Shaw* v.
*Finney,* 13 Met. 453; *Sylvester* v. *Smith,* 9 Mass. 119; *Pentz* v.
*Stanton,* 10 Wend. 275; Colly. on Part. § 414.

*A. A. Ranney,* for the plaintiffs.

BIGELOW, C. J. The note or memorandum on which the
plaintiffs rely to maintain their action contains all the requisites
essential to constitute a binding contract within the statute of
frauds. It is not denied by the defendant that a verbal accept-
ance of a written offer to sell merchandise is sufficient to con-
stitute a complete and obligatory agreement, on which to charge
the person by whom it is signed. In such case, if the memo-
randum is otherwise sufficient when it is assented to by him to
whom the proposal has been made, the contract is consummated
by the meeting of the minds of the two parties, and the evidence
necessary to render it valid and capable of enforcement is sup-
plied by the signature of the party sought to be charged to the
offer to sell. Indeed, the rule being well settled that the sig-
nature of the defendant only is necessary to make a binding

contract within the provisions of the statute relating to sales **of** merchandise, it necessarily follows that an offer to sell and an express agreement to sell stand on the same footing, inasmuch as the latter, until it is accepted by the other party, is in effect nothing more than a proposition to sell on the terms indicated. The acceptance of the contract by the party seeking to enforce it may always be proved by evidence *aliunde*.

The objections on which the defendants rely are twofold. The first is, that the note or memorandum does not set forth upon its face, in such manner as to be understood by the court, the essential elements of a contract. But this position is not tenable. The nature and description of the merchandise, the quantity sold, the price to be paid therefor, the terms of payment and the time within which the article was to be delivered, are all clearly set forth. But it is urged that the paper does not disclose which of the parties is the purchaser and which the seller, and that no purchaser is in fact named in the paper. This would be a fatal objection, if well founded. There can be no contract or valid memorandum of a contract, which does not show who are the contracting parties. But there is no such defect in the note or memorandum held by the plaintiffs. The stipulation is explicit to deliver merchandise to S. R. & Co. It certainly needs no argument to demonstrate that an agreement to deliver goods at a fixed price and on specified terms of payment is an agreement to sell. Delivery of goods at a stipulated price constitutes a sale; an agreement for such delivery is a contract of sale. Nor can there be any doubt raised as to the intrinsic import of the memorandum concerning the character or capacity in which the parties are intended to be named. A stipulation to deliver merchandise to a person clearly indicates that he is the purchaser, because in every valid sale of goods delivery must be made by the vendor to the vendee. We can therefore see no ambiguity in the insertion of the name of the purchaser or seller. The case is much stronger in favor of the validity of the memorandum, in this respect, than that of *Salmon Falls Manuf. Co.* v. *Goddard*, 14 How. 446. There only the names of the parties were inserted, without any word to

indicate which was the buyer and which was the seller. It was this uncertainty in the memorandum which formed the main ground of the very able dissenting opinion of Mr. Justice Curtis in that case. So in the leading case of *Bailey* v. *Ogdens,* 3 Johns. 399; there was nothing in the memorandum to show which of the two parties named agreed to sell the merchandise. But in the case at bar, giving to the paper a reasonable interpretation, as a brief document drawn up in the haste of business, and intended to express in a few words the terms of a bargain, we cannot entertain a doubt that it indicates with sufficient clearness that the plaintiffs were the purchasers and the defendant the seller of the merchandise, on the terms therein expressed. Indeed, we can see no reason why a written agreement by one party to deliver goods to another party does not as clearly show that the latter is the purchaser and the former the seller as if the agreement had been in express terms by one to sell goods to the other.

The other objection to the memorandum is, that the name of the party sought to be charged does not appear on the face of the paper. If by this is meant that the signatures of all the persons who are named as defendants are not affixed to the memorandum, or that it is not signed with the copartnership name under which it is alleged that the persons named as defendants do business, the fact is certainly so. But it is not essential to the validity of the memorandum that it should be so signed. An agent may write his own name, and thereby bind his principal; and parol evidence is competent to prove that he signed the memorandum in his capacity as agent. On the same principle, a partner may by his individual signature bind the firm, if the contract is within the scope of the business of the firm, which may be shown by extrinsic evidence. *Soames* v. *Spencer,* 1 D. & R. 32. Long on Sales, 38. Browne on St. of Frauds, § 367. *Higgins* v. *Senior,* 8 M. & W. 834. *Williams* v. *Bacon,* 2 Gray, 38", 393. Besides, in the case at bar, the action is in effect against Flagler alone. He only has been served with process and appears to defend the action. Whether he signed as agent for the firm or in his individual capacity is immaterial In either aspect, he is liable on the contract.

It is hardly necessary to add that the signature is valid and binding, though made with the initials of the party only, and that parol evidence is admissible to explain and apply them. *Phillimore* v. *Barry*, 1 Camp. 513. *Salmon Falls Manuf. Co.* v *Goddard, ubi supra. Barry* v. *Coombe*, 1 Pet. 640.

*Exceptions overruled.*