# S. A. SHEFFIELD et al.

## *vs.*

# JAY LADUE.

One who without authority executes an instrument in the name of another whose name he puts to it, and adds his name only as agent for that other, c.nnot be treated as a party to that instrument and sued upon it, unless it be shown that he was the *real* principal.

J. L. the defendant, who was authorized by J. & Co., to sell or exchange a pair of horses belonging to them, exchanged them with S. & Co., the plaintiffs, for a pair belonging to them, and for the agreed difference in value between the two, gave S. & Co. a note as follows :

"Ninety days after date, for value received, we promise to pay to the order of S. & Co. two hundred dollars.    *    *    *

Faribault, April 3d, 1868, J & Co., per J. L."

Defendant had no authority to give the note of J. & Co., but plaintiffs supposed he had. *Held*, that the defendant was not liable on the note ; that plaintiffs' remedy was by an action in the nature of an action on the case against defendant for damages for falsely assuming authority to act as agent ; but that if J. & Co., afterwards, knowing all the facts, ratified the act of the defendant, then such action could not be maintained against him, except where suit was commenced, or injury had resulted to plaintiffs from defendant's act before ratification, or where the effect of making the ratification relate back, would be to put plaintiffs in a worse position than they would otherwise have been in consequence of such unauthorized act.

As the validity of a ratification, does not in general depend upon its being communicated, the defendant's failure to notify plaintiffs of the ratification, would not make him liable, without showing facts imposing a duty on him to give such notice, and damage resulting from his neglect.

Sheffield et al. v. Ladue.

Error must be shown affirmatively, and where an instruction lays down a correct general rule, if the facts in the case were such that, applied to them without qualification, it would mislead the jury, the party alleging error must show by case or bill of exceptions the existence of such facts.

This action was commenced in the district court for Rice county. The complaint alleges that defendant executed to plaintiffs a promissory note in the following words :

" $200 00      Ninety days after date, for value received, we promise to pay to the order of Sheffield & Leary two hundred dollars, at H Wilson & Co.'s bank, with interest at seven per cent.

Faribault, April 3d, 1868.

                    R. I. JOHNSON & CO.,
                              per JAY LADUE."

That the defendant falsely and fraudulently represented to plaintiffs, that he was the agent of R. I Johnson & Co., and had authority from them to make and deliver the note ; that plaintiffs relying upon and believing such representations, exchanged with defendant as such agent a pair of horses, belonging to them, for a pair belonging to R. I. Johnson & Co., in defendant's possession ; that in consideration of such exchange, defendant agreed to pay to plaintiffs the sum of $200, and to secure such payment executed said note, and for that reason R. I. Johnson & Co., refused to pay it. It demanded judgment for $200 with interest from the date of the note.

The answer alleges that the note was executed by R. I. Johnson & Co., by defendant as their agent, and that defendant had full power and authority to execute the note ; that R. I. Johnson & Co., after knowledge of its execution ratified the same, and received and appropriated the pro-

ceeds thereof. It denies that R. I. Johnson & Co. refused to pay the note, upon the ground of a want of authority in defendant to execute it, but avers that such refusal was owing to certain false representations made by plaintiffs in regard to the horses exchanged.

Trial was had before a jury, who found a verdict for defendant, and judgment for costs was entered in his favor. The exceptions taken to the rulings and charge of the court at the trial, are sufficiently stated in the opinion of the court.

J. H. CASE for Appellents.

G. E. COLE for Respondent.

*By the Court*—RIPLEY, CH. J.—The defendant, a travelling salesman for R. I. Johnson & Co., and having in his possession a pair of horses, the property of his employers, with authority from them to sell or exchange the same, exchanged them with the plaintiffs for a pair of horses belonging to the plaintiffs, and for the agreed difference in value between the two, executed and delivered to the plaintiff the following note :

" Ninety days after date for value received, we promise to pay to the order of Sheffield and Leary, two hundred dollars, at H. Wilson & Co.'s bank with interest at seven per cent.

Faribault, April 3d, 1868.

R. I. JOHNSON & CO.,
per JAY LADUE."

From the bill of exceptions in the case, it appears that at the trial there was evidence tending to show that defendant had no authority to give the note of said R. I. Johnson & Co., but that plaintiffs supposed he had.

The plaintiffs' counsel requested the court to charge the jury, that if they should find that the defendant made the note described in the complaint without having been previously authorized so to do by R. I. Johnson & Co. no subsequent ratification of this act by said firm, can exonerate him from liability to the plaintiffs.

The court refused so to do, and plaintiffs excepted.

The court charged the jury, that if the defendant gave the note described in the complaint, without being in any way authorized to do so, yet if the firm of R. I. Johnson & Co. afterwards, knowing all the facts, ratified this act, the defendant was not liable to this action, to which plaintiff excepted.

The plaintiffs contend that the defendant having made and delivered this note to the plaintiffs without authority, incurred an immediate liability to them for whatever injury had resulted from his wrongful act, either as on an implied warranty of said authority, or as for a deceit, or on the note itself as maker.

If he is liable *on the note*, it has been held, that subsequent ratification would not excuse him, because the note is his note when executed. *Rossiter vs. Rossiter*, 8 *end.* 494; *Palmer vs. Stephens*, 1 *Denio*, 471.

In our opinion, however, the weight of authority is decidedly, that one, who, without authority, executes an instrument in the name of another, whose name he puts to it, and adds his name *only as agent for that other*, cannot be treated as a party to that instrument, and be sued upon it, unless it be shown that he *was the real principal*. 1 *Parsons Cont. Book* 1 *ch.* 3 *p.* 68, 69, *Parsons Mer. Law ch.* 10, *sec.* 5, *p.* 148; *Jenkins vs. Hutchinson* 13, *Ad. & El.* 744, 66 *E. C. L.* 751; *Lyon vs. Williams*, 5 *Gray* 557; 2 *Smith Lea Ca.* 366 *et seq*; *Collen vs. Wright* 40 *Eng*

*L & Eq* 182; *Randall vs Twinen* 37 *Eng. L &Eq.,* 275, *Jeffers vs. York,* 4 *Cush* 371; *Stetson vs. Patten,* 2 *Greenl* 358; *Abby vs Chase,* 6 *Cush.* 54; *Hopkins vs. Mehaffy,* 11 *Sergt. & R.* 126; *Moore vs. Wilson,* 6 *Foster* (*N H.*) 332; *Duncan vs. Nells,* 32 *Ill.* 542, *McHenry vs. ⌣uffield,* 7 *Blackf.* 41.

The plaintiffs rely upon *Dusenbury vs. Ellis,* 3 *Johns. Ca.* 70, and a series of New York decisions, as *Rossiter vs. Rossiter,* above cited, and *Palmer vs. Stephens,* 1 *Denio,* 471, and others following that case.    These lay down the law as they have stated it, and their authority has been followed in several other states; but in *White vs. Madison,* 26 *N Y.* 117, Selden J delivering the opinion of the court of appeals says, that the authority of the New York decisions, above referred to, had been somewhat shaken by the remarks of the judges who delivered opinions in *Walker vs. Bank of the State of New York,* 5 *Seld.* 582, and that if it were necessary in the case before him to decide whether, as a general principle one entering into a contract in the name of another without authority, is to be himself holden as a party to the contract, he should hesitate to affirm such a principle.    From this language it may fairly be inferred, that if the question were now a new one in New York, it would probably be differently decided.

If the authorities on which plaintiffs rely would not now be followed where they originated, the courts of a state in which the question is now raised for the first time, can hardly be expected to be guided by them, if the point is to be settled on the weight of authority.    Nor, looking at the question in the light of reason, and not merely on authorities, is it peceived how the objection stated by Mr. Justice Selden, is to be got over ; viz : that by such a rule, courts would often make contracts for parties, which neither party

intended, or would have consented to make. Indeed, we think the objection might be more strongly put; viz: that by such a rule, the courts would in *every* case make a contract for the parties, which neither intended, and which in many cases neither would have consented to make.

Why should the court do this? The court of appeals in *Walker vs. Bank of State of New York*, say with perfect justice, that the doctrine in question having originated in the decisions referred to, the foundation of the rule must be taken to be as they state it. There can be no doubt that the foundation is, what the court of appeals say it is, misrepresentation and imposition This being so, the next question is, how is a contract which purports to be the con tract of A, to be turned into the contract of B.

In the leading case of *Dusenbury vs. Ellis*, this problem is thus solved : If a person, under *pretence* of authority from another, executes a note in his name, he is bound , the party who takes it under such a mistake or imposition, *ought* to have the same remedy against the attorney who imposes on him, as he would have had against the pretended principal if he had been really bound, and ( to give him this remedy consistently with the general theory of contracts) the name of such pretended principal *will be rejected as surplusage. Dusenbury vs. Ellis*, 3 *Johns. cases*, 70.

That is, the court thus makes a new contract for the parties, because the party imposed on *ought* to have the same remedy as he would have had against the principal if there had been any principal.

But why ought he to have *this* remedy, to give him which, a court of law takes on itself to exercise an equitable juris- diction, which a court of chancery would disclaim? Jus- tice does not require it. In an action for damages, the party imposed on can recover full indemnity for all resulting in-

Sheffield et al. v. Ladue.

jury, and exemplary damages besides, if a fraudulent intent appears—on the note, principal and interest only.

The court of appeals admit that it must, in any event, be considered as a concurrent remedy w th the remedy in case, and on the implied warranty. *White vs. Madison, sup. p.* 124.

Why violate the first principles of the law of contracts to give another, it may be, a less effective remedy ?

This note, in our opinion, cannot be treated as the note of defendant ; neither was it, when executed, the note of his employers. Thereupon an action in the nature of an action on the case lay against defendant for falsely assuming authority to act as agent. *Parsons Mer. Law. p.* 148, and authorities already cited.

But if his employers ratify his unauthorized act in signing their name, the signature becomes theirs, and the note becomes theirs when executed, for the ratification relates back to the execution. The plaintiffs have got what they bargained for, and have no longer any cause of action for damages against the agent.

This would not hold good, o course, in cases, in which such suit for damages had been brought before ratification, nor in any case in which injury had resulted to plaintiffs from defendant's act before ratification, or in which the effect of making the ratification thus relate back, would be to put the plaintiffs in a worse position than they would have otherwise been in, in consequence of such unauthorized act of defendant.

The bill of exceptions in this case, however; not only does not purport to set out, either the evidence or the charge in full, but it contains nothing, aside from the instructions themselves, from which it can be gathered, that there was any evidence tending to show that there had been any rati-

fication at all, unless such an inference is to be drawn from the statement that " there was no evidence offered or received on the trial, except such as related to the authority of the defendant to make the note, and the subsequent ratification of this act by R. I. Johnson & Co."

The plaintiffs' objections to the instructions given, viz: that to make the ratification avail, notice of it should have been given to plaintiffs, and that from the language of the instruction they might infer that a ratification after suit commenced would be a defence, would not of course arise in the absence of any such evidence.

If it should be thought that it is fairly to be inferred from said statement, that there was evidence tending to prove a ratification, no inference can be drawn as to when such ratification took place.    The validity of a ratification does not, in general, depend on its being communicated.  24 *Pick.* 198.   Therefore, before the question of notice could become material, it would be necessary to show a state of facts imposing a duty on defendant to notify plaintiffs of such ratification, and damage resulting from his neglect so to do.

If, for example, the ratification were before the demand made by plaintiffs on Johnson & Co., defendant cannot be held responsible for any error prejudicial to plaintiffs, into which they might be led by the statement of Johnson & Co. in refusing to pay, that defendant " had no authority to make or give said note," until it is shown that he was cognizant thereof, and neglected to notify plaintiffs of the true state of the case, for the defendant could not be taken to anticipate that Johnson & Co. would meet plaintiffs' demand with a refusal to pay, and with a statement, which, though literally true, was false in spirit, suppressing, as it did, the truth, and suggesting a falsehood, viz : that they

were not *then* liable. Plaintiffs if deceived thereby, might be led ignorantly to sue defendant ; but Johnson & Co. being liable on the note, plaintiffs would have no cause of action against defendant ; and as to the costs of such suit, it would not have been commenced, if Johnson & Co had paid their note, or not paying, had not given plaintiffs the false impression above mentioned. Johnson & Co , not defendant, are responsible for Johnson & Co.'s falsehoods.

If indeed the ratification had not taken place when the note was presented for payment, the defendant might be answerable for the costs of this suit, but in the absence of any evidence as to the time of ratification, this point does not arise

Plaintiffs must show error affirmatively. The instruction lays down a correct general rule. If the facts in this case were such that applied to them without qualification it would mislead the jury, it is for plaintiffs to show the existence of those facts.

It appears from the bill of exceptions that depositions of members of the firm of R. I. Johnson &. Co. were read in evidence by defendant, and that certain interrogatories were objected to, either as leading, or calling for incompetent or irrelevant testimony, the objections overruled, and the answers received, to which plaintiffs excepted.

But the answers are not set out, and, therefore, we need not consider plaintiffs' objections to the interrogatories.

The answers may have been favorable to plaintiffs, or if irrelevant, it may be that it would have appeared upon the whole evidence, that they could not have materially injured the plaintiffs, and that the verdict was in all respects altogether according to justice.

Judgment affirmed.