## LUGAR et al. v. BYRNES et al.

(Supreme Court, Special Term, New York County. August, 1892.)

REFERENCE—FINDINGS—REPORT.

> Where a referee grants defendants' motion to dismiss the complaint on the ground that there is no evidence to prove the allegations thereof, and not on the merits, and so reports, his report will not be referred back to him for findings of fact, since there could be no findings of fact.

Action by Maria H. Lugar, Clara V. Le Gendre, and William C. Le Gendre against Fannie J Byrnes, Rudolph F. Rabe, and George H. Goodridge, executors of, and trustees under, the will of Maria Mulock, deceased, to set aside a conveyance from deceased, on the ground of undue influence. Judgment was entered on the report of a referee dismissing the complaint, and plaintiffs move to vacate the same, and refer the cause back to the referee for findings of fact. Motion denied.

The report of the referee was as follows:

"I, Silas Brownell, referee, to whom, by an order made in this action bearing date the 25th day of May, 1891, this action was referred to hear and determine the same, do respectfully report that, having taken the oath as referee required by law, I heard the proofs and allegations of the plaintiffs; that the defendants thereupon, without resting their case or commencing the giving of evidence on their side, moved to dismiss the complaint, upon the ground that the undisputed evidence given by the plaintiffs was insufficient to sustain the cause of action alleged in the complaint; that, within the time allowed for that purpose, defendants and the plaintiffs duly presented to me requests to find certain findings of fact and conclusions of law; that, after hearing Mr. A. Q. Keasby, counsel for the defendants, in support of said motion, and Mr. Howard R. Bayne, counsel for the plaintiff, in opposition thereto, I made the following conclusions of law upon the pleadings and evidence of the plaintiffs so given before me, to wit: (1) That there is no evidence that the defendant Byrnes took any part in the making and execution of the deed of No. 40 East 38th street, described in the complaint; (2) that there is no evidence that the defendant Byrnes exerted any constraint or improper influence upon her mother to induce the execution to her of the said deed; (3) that there is no evidence that the said deed expresses the will and intent of the beneficiary, the defendant Byrnes, or of any other person, except Maria Mulock, the grantor therein; (4) that the defendants are entitled to judgment against the plaintiffs dismissing the complaint, but not on the merits, with one bill of costs in favor of the defendants against the plaintiffs, and I do order judgment to be entered accordingly."

For decision on appeal from an order refusing to strike certain allegations from the complaint, see 1 N. Y. Supp. 262, affirmed in 24 N. E. Rep. 1102

Reynolds & Harrison, for the motion.

Rabe & Keller and Nicholas H. W. Schutt, opposed.

PATTERSON, J. The referee dismissed the complaint for failure of proof. He expressly states it was "not on the merits." He passed upon the requests of both parties to find, and refused to make the findings proposed by either side. Where there is an entire failure to prove the allegations of the complaint, and, as in this case, no evidence is offered by the defendants, and the motion to dismiss is made and granted on the ground that the allegations of the complaint have not been proven, it is difficult to see what findings of fact could have been made, unless

the failure to prove the plaintiffs' case entitled the defendants to absolute findings of fact in their favor on the issues raised, and, if that were so, they would have been entitled to a judgment on the merits. Wood v. Lary, 124 N. Y. 87, 26 N. E. Rep. 338, is a case in which the complaint was dismissed "on the merits of the case," and the general statement in the opinion that in every case a judge or referee must find facts separately is based on the authority of Bridger v. Weeks, 30 N. Y. 328, while there was very conflicting testimony on both sides, and the decision of the court below went upon the ground that the plaintiff had mistaken her remedy.

In the case at bar the referee could find no facts, for none were proven. He held there was a complete failure of proof to establish any, and the motion to send back his report must be denied, with $10 costs.