THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID HAVRON, Appellant, *v.* WILLIAM DALTON, as Commissioner of Water Supply of the City of New York, and JAMES MOFFETT, as Deputy Commissioner of Water Supply for the Borough of Brooklyn, City of New York, Respondents.

*Findings or short decision, where an issue is joined upon an alternative mandamus — procedure on appeal in the absence thereof.*

Where an issue of fact, joined upon an alternative writ of mandamus, is tried before a judge without a jury, the parties having waived a jury trial, it is the duty of the trial judge to make and file findings or a short decision.

Where, on an appeal, in such a case, from an order dismissing the writ, it appears from the record that the trial judge omitted to make the requisite findings or decision, the Appellate Division will remit the case to the trial judge in order that the findings or decision may be made *nunc pro tunc.*

APPEAL by the relator, David Havron, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 18th day of November, 1901, dismissing an alternative writ of mandamus theretofore issued in the proceeding.

*Alexander H. Geismar,* for the appellant.

*James McKeen,* for the respondents.

WILLARD BARTLETT, J. :

This case must be sent back to the judge before whom it was tried in order that he may make and file a decision. The proceeding is based upon an alternative writ of mandamus. The Code of Civil Procedure provides that an issue of fact, joined upon such a writ, must be tried by a jury unless a jury trial is waived or a reference is directed by consent of the parties. (Code Civ. Proc. § 2083.) In the present case a jury trial was waived, and the issues were tried before a judge, who determined them in favor of the respondents ; and made a final order dismissing the writ. The appeal papers, however, indicate that he omitted to make and file a decision as the basis of this final order. We are of opinion that such a decision is requisite. Section 2082 of the Code of Civil Procedure prescribes that the proceedings upon an alternative writ of mandamus, after issue is joined, are, in all respects, the same as in an action ; and section 2084 directs that upon the trial of an issue of fact, joined upon an alternative writ, the verdict, report or decision must be returned to the Appellate Division or the Special Term, as the case requires. When, therefore, the issues are tried before a judge, instead of before a jury, they are to be decided in the same way as the issues in an action ; that is to say, by making and filing findings, or a short decision, as prescribed in section 1022 of the Code.

Where the requisite findings or decision have been omitted upon the trial of an action and the case on appeal has disclosed such omission, it has been the custom of this court to remit the case to the trial judge, in order that the requisite decision may be made *nunc pro tunc.* (*Hall* v. *Beston,* 13 App. Div. 116; *Shaffer* v. *Martin,* 20 id. 304.) The same course should be pursued in the present case.

All concurred.

Proceeding remitted to the trial judge for decision.