## EDINGER v. McAVOY et al.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

1. TRIAL (§ 393*)—BY COURT—FINDINGS—"DECISION."
     Where proposed findings were submitted by the attorney for each defendant, and the court, instead of noting on the margin the disposition of each proposed statement, as required by Code Civ. Proc. § 1023, signed both proposed findings at the end thereof, no other decision being signed, the two separate sets of findings did not constitute a "decision," which is a condition precedent to the entry of judgment, as provided by section 1022.

     [Ed. Note.—For other cases, see Trial, Dec. Dig. § 393.*

     For other definitions, see Words and Phrases, vol. 2, pp. 1897–1902; vol. 8, p. 7629.]

2. JUDGMENT (§ 272*)—ENTRY—DECISION.
     A judgment, entered before the filing of the requisite decision, is premature.

     [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 272.*]

3. APPEAL AND ERROR (§ 337*)—COSTS (§ 232*)—REVERSAL.
     Where a judgment appealed from was premature, because entered prior to the filing of a proper decision, but neither party applied to set aside the judgment for such irregularity, the judgment will be reversed, without costs.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1877, 1878; Dec. Dig. § 337;* Costs, Cent. Dig. §§ 878–883; Dec. Dig. § 232.*]

Cross-Appeals from Special Term, Onondaga County.

Action by Charles P. Edinger against Thomas McAvoy and another. From the judgment rendered, there were cross-appeals by plaintiff and defendant Thomas McAvoy. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles S. Kent, for appellant Edinger.

John P. Hennessey, for appellant McAvoy.

John J. B. Hickey, for respondent.

ROBSON, J. The record before us on this appeal contains proposed findings of fact and of law, submitted by the attorney for defendant Thomas McAvoy, and separate and distinct proposed findings of fact and law, submitted by the attorney for the other defendant. These proposed findings were evidently presented to the court pursuant to section 1023 of the Code of Civil Procedure. Instead of noting in the margin of these statements the manner in which each proposition was disposed of, as the section referred to requires, the court signed the two statements of findings proposed at the end of each. The record presents no other decision signed by the court. No reference is made in either statement to the other; and, if we were permitted to consider either as a decision of the trial court, there is nothing in the papers themselves to indicate which one is to be regarded as the decision and which as the court's disposition of proposed findings.

We think the two separate sets of proposed findings, signed by the trial judge, do not make, nor can they be treated as making, the deci-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sion by the trial court, required by section 1022 of the Code of Civil Procedure. The requisite decision not having been made, the judgment entered was premature. People ex rel. Havron v. Dalton, as Com'r, etc., 77 App. Div. 499, 78 N. Y. Supp. 1051.

No application having been made by any party to set aside the judgment for the reason that no sufficient decision had been made, or on the ground of irregularity of the decision of the trial court, no costs of this appeal are awarded to· any party. Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992.

Judgment reversed, and case remitted to the trial judge for decision, to be made nunc pro tunc, without costs of this appeal to any party. All concur.