JEFFREY SMITH, Appellant, *v.* WILLIAM GEIGER, Respondent.

Practice — trial — referee must sign report by his signature and not by initials — erroneous entry of judgment upon referee's opinion.

1. A referee in making his official report represents the sovereignity of the state in a formal act of justice, and his action should be authenticated in a formal way on account of the importance and dignity of the act.

2. While the Code of Civil Procedure does not in terms say that the referee must sign the decision by subscribing his name, the intention of the legislature is plainly to be implied. A report in writing must be authenticated by the signature of the referee, and mere initials are not a signature in legal proceedings.

3. An opinion by a referee giving his conclusions, but omitting to direct the entry of judgment in accordance therewith, is not sufficient, but where a referee has announced his conclusion in an opinion and has not officially determined the issues. justice can be done by remitting the case to him for formal decision as required by law.

*Smith* v. *Geiger*, 134 App. Div. 930, reversed.

(Argued May 2, 1911; decided May 30, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 22, 1909, which affirmed a judgment in favor of defendant purporting to have been entered on findings made by a referee.

This action was brought by a real estate broker to recover the compensation alleged to be due him from the defendant for his services in procuring a purchaser of certain real estate in the town of Babylon, county of Suffolk. The complaint alleges that the defendant employed the plaintiff as a broker to find and procure a purchaser and that the plaintiff did find and procure one, who entered into contract accordingly. He demanded judgment for the sum of $364.68, alleged to be the reasonable and usual commission in such cases. The defendant by his answer put at issue all the material allegations of the complaint. A judgment entered dismissing the complaint, with costs, was affirmed by the Appellate Division, one of the justices dissenting, and the plaintiff appealed to this court.

*Sidney H. Swezey* for appellant.

*Percy L. Housel* for respondent.

VANN, J. The issues in this action were duly referred to Clinton M. Flint, Esq., to hear and determine and the case was tried and submitted to him for decision. He has made no report as yet, although judgment has been entered in favor of the defendant. He wrote a brief opinion and signed it as referee, stating that he was unable to find from the evidence that the plaintiff was the procuring cause of the sale and giving his reasons for reaching this conclusion. He found no facts therein, however, and gave no direction for judgment. A paper appears in the judgment roll headed, "Plaintiff's requests to find," which recites the reference to Mr. Flint and

states that "I, Clinton M. Flint, referee, do hereby make and find the following findings of fact and conclusions of law with respect thereto." Then follow nineteen findings of fact with four conclusions of law, underneath each of which is written, "Found, C. M. F.," or "Refused, C. M. F." The final conclusion of law as requested is "That the plaintiff is entitled to recover from the defendant the sum of $364.68 with interest." Underneath this is written, "Refused, C. M. F."

There is also another paper headed "Defendant's requests to find," which states that "the defendant requests the court to find as facts" and then follow thirty-five separate statements of fact and underneath each of these is written "Found, C. M. F.," or "Refused, C . M. F." Three conclusions of law were requested, each one of which was marked, "Found, C. M. F.," the third being "That the defendant is entitled to judgment upon the merits," but there was no direction for judgment. Other than these requests to find thus marked by the initials of the referee there is nothing in the record to authorize the entry of judgment. The clerk, however, entered a judgment, which after reciting that the case had been duly referred and that the referee had made and filed his decision directing that the defendant have judgment on the merits, dismissed the complaint, with costs.

Section 1019 of the Code of Civil Procedure provides for a "written report," and section 1022 requires that "The decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll." We find in the record no decision such as this section requires, but simply an opinion and the requests of both parties with the disposition thereof by the referee as required by section 1023 of the Code. There was no direction for the entry of judgment dismissing the complaint on the merits, with

costs, although judgment was entered by the clerk in that form.

Moreover, the requests were not signed by the referee, except with his initials, and those proposed by the defendant contained nothing by way of recital or otherwise to show whose initials they were or in what capacity they were attached. The referee evidently did not intend that judgment should be entered upon the requests as disposed of by him, but that the attorney for the prevailing party should prepare formal findings and present them to him for his official signature. The general practice requires this, and while the Code does not in terms say that the referee must sign the decision by subscribing his name, the intention of the legislature in that regard is plainly to be implied. A report in writing must be authenticated by the signature of the referee, and mere initials are not a signature in legal proceedings. The surname is an essential part of an official signature, preceded either by the initials or by the entire given name. It would be loose and unsafe to allow the use of mere initials in the place of the usual signature to authorize the entry of judgment for hundreds of thousands, or even for millions of dollars. While the decisions of the appellate courts are not usually signed by the judges in any way they are handed to the clerk in open court and thereby authenticated most completely. The report of a referee, however, and the decision of the whole issues of fact and law after the trial of a case by the court without a jury are not handed down in open court and should be authenticated by the official signature at length.

It is true that in the transaction of certain kinds of business, initials are sufficient to satisfy the law. Thus, signing by the initials of the party to be charged has been held to comply with the Statute of Frauds. (*Salmon Falls Mfg. Co.* v. *Goddard*, 14 How [U. S.] 446; *Sanborn* v. *Flagler*, 91 Mass. 474; *Phillimore* v. *Barry*, 1 Campb. [N. P.] 513.)

So it was held in *Palmer* v. *Stephens* (1 Denio, 471) that one may become liable as maker of a note by signing the initials of his name thereto, intending thereby to bind himself, but this case has not escaped criticism. (*Sheffield* v. *Ladue*, 16 Minn. 392.)

The initials of the name of the holder of a check written on the back of it were held in an early case enough to charge him as indorser. (*Merchants' Bank* v. *Spicer*, 6 Wend. 443.)

The signing in these cases, however, was by private individuals in the transaction of private business, and we think that greater formality is required in signing an official report which may authorize the entry of judgment for the recovery of a vast sum of money or the award of relief by injunction which may suspend the operation of business conducted on an extensive scale. The referee in making his official report represents the sovereignty of the state in a formal act of justice, and his action should be authenticated in a formal way on account of the importance and dignity of the act.

The authorities upon the subject tend to support these views, although not all those cited are directly in point. (*Benjamin* v. *Allen*, 35 Hun, 115; *People ex rel. Havron* v. *Dalton*, 77 App. Div. 499; *Kent* v. *Common Council of Binghamton*, 90 App. Div. 553; *Edinger* v. *McAvoy*, 134 App. Div. 869; *Gilman* v. *Prentice*, 132 N. Y. 488; *Matter of Sprague*, 125 N. Y. 732; *Matter of Kellogg*, 104 N. Y. 648; *Hewlett* v. *Elmer*, 103 N. Y. 156, 164; *Angevine* v. *Jackson*, 103 N. Y. 470; *Bridger* v. *Weeks*, 30 N. Y. 328.)

In *Benjamin* v. *Allen* it was held that findings of fact and conclusions of law must be made and signed, and that the signature of the trial judge is required. Citing *Thomas* v. *Tanner* (14 How. Pr. 426); *Burger* v. *Baker* (4 Abb. Pr. 11); *Bridger* v. *Weeks* (30 N. Y. 328). It was further held that the county clerk was not authorized to enter judgment upon an opinion, and that there could be

no review upon a trial of an issue of fact unless a decision was signed and filed. The appeal in that case was dismissed.

In *People ex rel. Havron* v. *Dalton*, Judge WILLARD BARTLETT, speaking for the court, said: "Where the requisite findings or decision have been omitted upon the trial of an action and the case on appeal has disclosed such omission, it has been the custom of this court to remit the case to the trial judge, in order that the requisite decision may be made *nunc pro tunc.*" (p. 500.) Citing *Hall* v. *Beston* (13 App. Div. 116); *Shaffer* v. *Martin* (20 App. Div. 304).

The same course was pursued in *Kent* v. *Common Council of Binghamton*, where it was said: "No motion having been made to vacate the judgment for want of a decision, we must reverse it and will do so, without costs to either party, and remit the case to the Special Term for decision." (p. 555.)

In *Edinger* v. *McAvoy* separate and distinct findings of fact and law were submitted by co-defendants and instead of noting in the margin of these statements the manner in which each proposition was disposed of as required by section 1023, the court signed the two statements of findings proposed at the end of each and the record presented no other decision signed by the court. It was held that the two sets of findings although duly signed could not be treated as a decision and that the judgment entered thereon was premature. The judgment was reversed and the case remitted to the Trial Term, without costs of appeal to either party.

In *Gilman* v. *Prentice* the appeal was dismissed and in *Matter of Sprague* the judgment was affirmed.

It will be observed upon consulting the authorities that the practice pursued on appeal when findings have not been made and signed so as to satisfy the statute, is in a doubtful and uncertain state. In some cases the appeal was dismissed. In others the judgment was affirmed,

while in others still the judgment was reversed and the case remitted to the court or referee.

If the appeal is dismissed a judgment entered without authority is allowed to stand, while in case of affirmance such a judgment is sanctioned and sustained. Neither result is logical or satisfactory, for there is no review and the unauthorized judgment remains upon the records of the court, although the rights of the parties have not actually been determined. Assuming that the record may be cleared by motion, it is better to clear it on the appeal, if one is taken, and an appellate court has an inherent right to do so.

By reversing the judgment before us as prematurely entered the record will be cleared, but a new trial should not be granted, for none is needed, as the action has been tried although not yet decided. While the referee has announced his conclusion in an opinion, he has not officially determined the issues, and exact justice can be done only by remitting the case to him for formal decision as required by law. As both parties are in fault for arguing the appeal upon the record in such a condition, neither should recover the costs of appeal.

The judgment should be reversed and the action remitted to the referee for decision, without costs to either party.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.