BREWSTER et al. v. F. G. BREWSTER CO. et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. TRIAL (§ 392*)—FINDINGS—SUFFICIENCY.

   Code Civ. Proc. § 1022, requiring a decision to state separately the facts found and the conclusions of law and direct entry of judgment, is not complied with by noting the words "found" and "refused" over the justice's initials opposite the parties' requests to find and by appending a paper, entitled a decision, but in form an order or judgment of the court and not of the justice, at the end of which is a direction to the clerk to enter.

   [Ed. Note.—For other cases, see Trial, Cent. Dig § 926; Dec. Dig. § 392.*]

2. TRIAL (§ 398*)—BY COURT—INCONSISTENT FINDINGS.

   Where inconsistent findings appear in the record, appellants are entitled to the benefit of those findings most favorable to them.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 946, 947; Dec. Dig. § 398.*]

3. CORPORATIONS (§ 553*)—RECEIVERS—APPOINTMENT—GROUNDS.

   A receiver for a corporation is improperly appointed, where no statutory grounds appear, where there is no claim of waste or mismanagement, and where a receivership would destroy the corporation.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CORPORATIONS (§ 560*)—RECEIVERS—DELIVERY OF SECRET FORMULÆ.

    An order requiring the delivery of secret formulæ to a corporation's receiver, where no issue is joined on a claim by stockholders of individual ownership of the formulæ, is improper.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 560.*]

5. RECEIVERS (§ 54*)—APPOINTMENT—JUDGMENT—EFFECT.

    An interlocutory order appointing a receiver is superseded by subsequent judgment in the cause.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 91; Dec. Dig. § 54.*]

6. RECEIVERS (§ 51*)—SECURITY—NECESSITY.

    Possession by a receiver who has not given security is illegal.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 85–88; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Action by Ulysses B. Brewster and others, Frederick G. Brewster's administrators, against the F. G. Brewster Company and others. Judgment for plaintiffs, and defendants appeal. Reversed, and new trial granted.

See, also, 127 App. Div. 729, 111 N. Y. Supp. 1026; 138 App. Div. 139, 122 N. Y. Supp. 1019.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Alton B. Parker, for appellants.
John B. Doyle, for respondents.

SCOTT, J. The defendants appeal from a final judgment, and also from an order made, intermediate the decision of the cause and the entry of the decree, appointing a receiver of the property of the defendant corporation. The action is in form a representative stockholders' action. The plaintiffs are the personal representatives of Francis Gillette Brewster, deceased, who in his lifetime was an equal owner with the defendant Joseph Hartog of all the capital stock of the defendant corporation. The purpose of the action as the original complaint was framed, was to set aside and invalidate an issue of 50 shares of stock to the defendant Emma Golder, and an issue of 1,140 shares to the defendant Joseph Hartog, and afterwards assigned by him to the defendant Harriet Hartog. Later a supplemental complaint was served charging the individual defendants with fraud, mismanagement, and waste of the funds of the corporation defendant. The court did not find, and in fact refused to find, that the individual defendants had been guilty of gross mismanagement, negligence, and misconduct in the management of the affairs of the defendant corporation, and the allegations of the supplemental complaint may therefore be disregarded on this appeal, leaving the judgment to be tested by the original complaint and the findings of fact respecting its allegations.

[1] The record as it comes to us is singularly imperfect. There is no decision, properly so called, to support the judgment. In place thereof, we find in the judgment roll two sets of requests to find, one

---

submitted by plaintiffs and the other by defendants. On the margin of each, and opposite each request, we find the words "found" or "refused" signed by initials corresponding to those of the justice who presided and presumably written by him. Appended to these two papers is a paper, entitled a "decision," but in form an order or judgment of the court, not of the justice, at the end of which is a direction to the clerk to enter. This in our opinion is not such a decision as is contemplated by section 1022 of the Code of Civil Procedure. See Smith v. Geiger, 95 N. E. 706. Passing that informality, however, and treating the papers mentioned above as a sufficient decision, we are brought to a consideration of the appeal. Of course, as is but natural, in a decision attempted to be made up as was attempted in this case, there are to be found inconsistent findings of fact.

[2] The appellants, in such case, are entitled to the benefit of those findings most favorable to them. Bremer v. Man. Ry. Co., 191 N. Y. 333, 339, 84 N. E. 59. On this appeal, however, the appellants do not need to invoke the benefit of this rule. As has been said, the original complaint, upon which alone this judgment must rest, seeks to set aside two issues of stock, one to Emma Golder of 50 shares, and one to Joseph Hartog of 1,140 shares. As to the issue of 50 shares to Emma Golder, the court refused to find that it was illegal, and the judgment does not direct that these shares be delivered up and canceled. As to the 1,140 shares, it appears that they were issued to Joseph Hartog in consideration of the transfer by him to the corporation of certain secret formulæ for making candy, which it was the business of the corporation to make and sell. This transaction was authorized by the board of directors. It is found as a matter of fact:

"That it was admitted upon the trial by the defendants that the said copies of the formulæ were not sufficient consideration for the said stock, and that such admission was made by the defendants for the express purpose of preventing the introduction of said formulæ in evidence and the disclosure thereof at the trial."

And:

"That before the termination of the trial herein the defendants Hartog had returned the said 1,140 shares of stock to the company, and that the said alleged resolution of February 13, 1906 (authorizing the issue of the stock), had been rescinded."

Thus it appears that the condition of affairs when the judgment was rendered was that, of the stock alleged in the original complaint to have been illegally issued, 50 shares were found to have been validly issued, and the remaining 1,140 shares had been returned to the company, and the resolution authorizing its issue rescinded, while none of the fraud, mismanagement, and waste charged in the supplemental complaint, was found to have been proven. Upon this state of facts, the court entered a judgment declaring the issue of the 1,140 shares to Hartog to have been illegal, and ordering them to be surrendered up for cancellation; requiring copies of the secret formulæ to be delivered to the receiver; appointing a receiver to take possession of the property of the corporation, and to manage its affairs, collect its assets, and pay its liabilities "until the interest of the parties to

this action may justify said receiver's discharge by the further order of this court." The individual defendants are restrained from interfering with the receiver; and costs, with an extra allowance, are awarded against all the defendants, including Emma Golder, who successfully resisted the attack of the plaintiffs upon the validity of her stock, and who is therefore virtually a prevailing party.

[3] It is manifest that this judgment cannot stand. The findings disclose no ground whatever for the appointment of a receiver. It is conceded that the facts as found do not bring this case within any one of the statutory provisions for the appointment of a receiver; but it is sought to uphold the appointment by a reference to the general equity powers of the court. In this behalf, reference is made to a number of authorities which in no way resemble the present case. If the court had found that defendants were wasting and mismanaging the affairs and assets of the corporation, a different question would be presented; but there is no such finding. Furthermore, this receivership would necessarily be destructive of the corporation. The receiver is given no authority to carry on the business, and no limit is placed upon his tenure, except one so vague and indefinite as to be negligible.

[4] That portion of the judgment which requires the defendants to deliver to the receiver copies of the secret formulæ which defendants Hartog claim as their own property is also unauthorized. It proceeds upon the theory that these formulæ are in reality the property of the corporation; but no issue as to their ownership is to be found in the pleadings, and the question was not therefore involved in the action. The requirement that the Hartogs deliver up the stock, which it is found they had already delivered up, accomplished nothing. The order appointing a receiver, from which defendants also appeal, must of course be reversed along with the judgment. It presents a curious phase of the litigation which may be referred to as illustrative of the carelessness with which the case has been conducted.

[5] This order was interlocutory and was made a few days after the close of the trial and some days before the entry of the judgment. Of course the judgment superseded the order, and after the entry of the judgment the receiver held under it, and not under the order.

[6] By the terms of the order, the receiver was required to give security, but by the judgment he was required to give none; so that the effect appears to be that since the entry of the judgment the receiver has been in possession without security, which is directly contrary to law.

We are able to find no possible ground upon which the judgment or orders can be sustained, and they are, accordingly, reversed, with costs to the defendants, and a new trial granted. All concur.