### ANDERSON v. KNOBLOCH et al.

(Supreme Court, Appellate Division, Second Department.  May 1, 1912.)

REFERENCE (§ 88*)—REFEREE'S REPORT.

>    Code Civ. Proc. § 1022, provides that a referee's report on the trial of issues of fact must state separately the facts found and the conclusions of law, and direct the judgment to be entered.  *Held*, that where a referee's report in partition was divided into separate paragraphs, but contained nothing to distinguish the findings of fact from the conclusions of law, and it was not clear what his decision was, etc., and, although signed, it contained no direction to enter judgment, it was insufficient to sustain an interlocutory judgment for plaintiff.

>    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 134;  Dec. Dig. § 88.*]

Appeal from Special Term, Westchester County.

Action by Alexander Anderson against Annie Knobloch and others.  From an interlocutory judgment confirming the report of a referee, defendant the New York Inter-Urban Water Company appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Charles P. Blaney, of New York City, for appellant.
Harry A. Anderson, of Pelham, for respondent.

BURR, J.  This action was brought for partition, and, incidentally, upon proper allegations to obtain a judgment declaring invalid a certain tax lease held by the defendant the New York Inter-Urban Water Company.  The latter defendant answered, denying the allegations of the complaint.  An order of reference was thereafter entered, in which the issues raised by the answer of said defendant were referred to a referee, who was also directed, in the usual form in actions for partition, to take proof of the facts and circumstances set forth in the pleadings, and of the title and interest of the several parties to this action.  Subsequently the referee signed and delivered a paper designated by him as a report, upon which an interlocutory judgment in favor of plaintiff was entered.  From such judgment this appeal is taken by the Water Company.

This judgment we deem to be irregular.  The report of a referee upon the trial of issues of fact "must state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon."  Code of Civil Procedure, § 1022.  In this instance, although the paper designated by the referee as a report is separated into paragraphs, there is nothing to indicate or distinguish those

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which might be deemed findings of fact from those which might be termed conclusions of law. Neither is it clear what his decision is. Paragraph 1 of his report is to the effect that "the facts stated in the complaint herein are substantially true." What those facts are, and in what respect, if any, they are not literally true, the referee does not determine. The succeeding paragraph contains a statement that "the following is an abstract of the conveyances by which the premises described in the complaint are held." Then appears a recital of certain conveyances, and following that a history of the devolution of the title by descent or devise. Whether by these conveyances thus abstracted the referee intended to find the facts to be as indicated therein, and that a valid title passed, whether he intended to find as facts the death of some of the parties interested, and the devise of their interest in the property, or its devolution by descent, it is impossible to determine. Included in said report are statements as to the various stipulations between the attorneys for the plaintiff and the attorney for the answering defendant. But the report is silent as to whether the referee intended to find the facts to be in accordance with such stipulations. Although this document is signed by the referee, there is no direction to enter judgment thereon.

Within the authorities, we must hold that the interlocutory judgment which was entered in this action is without authority, for the case has never been decided within the meaning of the statute above referred to. Smith v. Geiger, 202 N. Y. 306, 95 N. E. 706; Jefferson County National Bank v. Dewey, 181 N. Y. 98, 73 N. E. 569; Lederer v. Lederer, 108 App. Div. 228, 95 N. Y. Supp. 623; Wise v. Cohen, No. 1, 113 App. Div. 859, 99 N. Y. Supp. 663. In the case of Jefferson County National Bank v. Dewey, supra, the court clearly pointed out the essentials of a referee's report, as distinguished from the short form of decision at that time, but no longer, permitted. It says of such report:

"It consisted of a separate written statement of the facts designated as facts and plainly numbered, and a separate statement of the conclusions of law designated as such and numbered. The purpose of requiring the facts and conclusions of law to be so stated and designated was to enable the defeated party to take proper exceptions, and for the convenience of reference upon appeal or otherwise. The duty was imposed upon the judge or referee to state and classify facts and law, to the end that the court upon appeal of the defeated party would not be obliged to select and pick out both from the confused mass. The parties and the court were entitled to know from the result of the trial what the judge or referee held to be facts and what he held to be law."

The case of Smith v. Geiger, supra, points out the proper practice to be pursued in a case of this kind, and, in accordance therewith, the interlocutory judgment in this action should be reversed, and the action remitted to the referee for decision, without costs to either party. All concur.