MARIA J. VENTIMIGLIA, Respondent, *v.* MINNA EICHNER, as Administratrix of the Estate of DANIEL EICHNER, Deceased, Appellant.

Practice — appeal — judgment of dismissal where there ·is no decision on any question of law or fact — no appeal can be taken either to Appellate Division or Court of Appeals — when appeal should be dismissed and case sent back to Special Term to have decision of trial judge made and added to case.

On the trial of this action, which was brought to set aside a tax lease, defendant at the opening of the case, at the close of evidence by the plaintiff, and again at the close of his own evidence, moved for a dismissal. In each instance the court reserved decision.

There were no findings of fact or conclusions of law, and the presiding justice made or signed no decision of any kind except the so-called judgment which appears in the record, which makes no decision on any question of fact or law in the case, and only adjudges "that the plaintiff's complaint be dismissed with costs." *Held*, that there is nothing to authorize an appeal either to the Appellate Division or to this court. The appeal should have been dismissed and the case sent back to the Special Term for an amendment of the record, by adding the decision of the trial justice and a judgment consistent therewith. (*Smith* v. *Geiger*, 202 N. Y. 306, 312, followed.)

*Ventriniglia* v. *Eichner*, 155 App. Div. 236, reversed.

(Argued November 16, 1914; decided November 24, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1913, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Stephen Aaronstamm* for appellant. The Appellate Division of the Supreme Court was without power to reverse the judgment of the trial court. (*Ross* v. *Caywood*, 162 N. Y. 259.)

*Frank L. Polk, Corporation Counsel (Curtis A. Peters* of counsel), for City of New York, appellant.

*G. Arnold Moses* for respondent.

WERNER, J. The action is to set aside a certain tax lease issued by the comptroller of the city of New York to the defendant under a sale in October, 1906, of the plaintiff's premises for the unpaid taxes of 1900 and 1901 and for unpaid Croton water rents for the years 1898 and 1900. The validity of this lease is challenged on several grounds which need not be discussed at this time because

there is a question of practice upon which we must dispose of the case.

After issue had been joined, the case was brought to trial at a Special Term of the Supreme Court. Both parties offered evidence pertinent to the issue. At the opening of the case counsel for the defendant moved for a dismissal of the complaint on the ground, *inter alia*, that it does not state a cause of action. The court reserved decision. At the close of the plaintiff's case the defendant's counsel renewed his motion, without stating any ground, and again the court reserved its decision. The defendant then introduced some testimony and rested, whereupon the case was declared closed. Then the defendant's counsel renewed his motion " on the grounds already stated," and again the court reserved its decision. There were no findings of fact or conclusions of law, and the presiding justice neither made nor signed any decision except the so-called judgment which appears in the record. That judgment, it will be noted, makes no decision on any question of fact or law in the case, and does nothing more than to adjudge " that the plaintiff's complaint be dismissed with costs, amounting to $107.75."

The defendant appealed from the so-called judgment, and the Appellate Division considered the case on the merits, reversed the judgment on the law and the facts and directed a new trial.

The defendant now appeals to this court, and the first question with which we are confronted is whether the record in its present form warrants any review either in the Appellate Division or in this court. The answer to that question must be given in the light of what was actually done. The record contains no findings of fact or conclusions of law, and it is conceded that none were made. Neither does it appear that the trial justice made or signed any decision upon any question of law or fact with directions to enter judgment in accordance therewith. In that behalf the appeal book discloses nothing

beyond the declaration of the so-called judgment, " that the plaintiff's complaint be dismissed with costs, amounting to $107.75." Since every valid judgment must rest upon a decision of one or more questions of law or fact, or both, it is obvious that the judgment herein was prematurely entered. It is founded upon no stated decision either of law or fact, and there was, therefore, no authority for its entry. This characterization of the record depends, not upon the legal effect or form of the judgment, but upon the circumstance that there has been no decision of any nature upon which to base a judgment. In this condition of the case it is manifestly unnecessary to discuss the question whether the so-called judgment rests merely on a nonsuit or on a decision finally disposing of the merits. Whether it is one or the other will of course clearly appear when the record has been amended by adding to it the decision of the trial justice and a judgment consistent therewith.

In the present condition of this record there is nothing to authorize an appeal either to the Appellate Division or to this court. The Appellate Division should have dismissèd the appeal and have sent the case back to the Special Term for an amplification of the record. (*People ex rel. Havron* v. *Dalton,* 77 App. Div. 499; *Benjamin* v. *Allen,* 35 Hun, 115; *Kent* v. *Common Council of Binghamton,* 90 App. Div. 553; *Edinger* v. *McAvoy,* 134 App. Div. 869; *Gilman* v. *Prentice,* 132 N. Y. 488.) The lack of uniformity in the practice pursued in the cases cited and others is now removed by our recent decision in *Smith* v. *Geiger* (202 N. Y. 306, 312) where a judgment prematurely entered was reversed and remitted to the referee before whom the action was tried for the making and entry of a proper decision. In that case Judge VANN wrote for the court, and his language is so appropriate to the case at bar that we quote a part of it. " If the appeal is dismissed a judgment entered without authority is allowed to stand, while in case of affirmance such a judgment is

sanctioned and sustained. Neither result is logical or satisfactory, for there is no review and the unauthorized judgment remains upon the records of the court, although the rights of the parties have not actually been determined. Assuming that the record may be cleared by motion, it is better to clear it on the appeal, if one is taken, and an appellate court has an inherent right to do so. By reversing the judgment before us as prematurely entered the record will be cleared, but a new trial should not be granted, for none is needed, as the action has been tried although not yet decided. While the referee has announced his conclusion in an opinion, he has not officially determined the issues, and exact justice can be done only by remitting the case to him for formal decision as required by law. As both parties are in fault for arguing the appeal upon the record in such a condition, neither should recover the costs of appeal."

The order should be reversed and the action remitted to the Special Term for decision, without costs to either party.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Order reversed, etc.