Jonathan Ring & Son, Inc., Respondent, v. Winola Worsted Yarn Company and Another, Defendants, Impleaded with Manufacturers National Bank of Brooklyn, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion remitted to the Special Term, Mr. Justice Kelly, presiding, to be heard and determined upon the merits, upon authority of *Ventimiglia* v. *Eichner* (213 N. Y. 147). Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

William A. Ritner, Respondent, v. Holbrook, Cabot & Rollins Corporation, Appellant.— Judgment reversed and new trial granted, costs to abide the final award of costs, upon the ground that the evidence does not show that the release was procured by fraudulent representations. We do not consider on the present pleadings whether the minds of the parties met in agreement upon the release. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

The Riverview Manor Association, a Domestic Corporation, Plaintiff, v. Arthur Bruckner and Others, Defendants.— The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: The parties having agreed that the determination be made without costs, judgment is directed for the defendants upon the written submission, without costs, dismissing plaintiff's complaint upon the merits. A court of equity will not enforce a covenant such as that which forms the basis of this controversy at the suit of one who is not a covenantee, and to whom the covenantee was under no obligation at the time of the making of the covenant. The court will not grant affirmative relief to the defendants, for the reason, among others, that the covenantee is not before the court. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred.

William H. Roberts, Appellant, v. Jacob Schifferdecker, as President of Local No. 70 of Hotel and Restaurant Employees' International Alliance and Bartenders' International League of America, Non-incorporated Association of Seven or More Members, Respondent.— Judgment reversed, with costs, and decision and judgment in favor of plaintiff rendered, with the additional finding of fact that the committee, on February 10, 1912, immediately after its organization, without giving any notice to plaintiff and without his attendance or presence, went to Somers Hall and investigated the charge. The ground of our determination is that we conclude that the attempted expulsion of the plaintiff was invalid for the reason that it was incompetent for the grievance committee to investigate at all until after it had given the plaintiff notice and opportunity to attend before it. Our such determination, however, is without prejudice to the right of the local to properly try the plaintiff upon the charges preferred against him. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

E. Bromley Rodgers, Respondent, v. James G. McLoughlin and Cornelia Cole McLoughlin, Appellants.— Order in so far as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Carr, Stapleton, Mills and Rich, JJ., concurred.