JOHN FORD, Individually and as Justice of the Supreme Court, Appellant, *v.* JOHN PROCTOR CLARKE and Others, as a Board or Body Exercising the Power to Assign Justices to Hold Terms of the Supreme Court, Respondents.

Second Department, December 22, 1922.

Judges — discretion lies in justices of Appellate Division of Supreme Court, First Department, under State Constitution, art. 6, § 2, and Judiciary Law, § 84, as to assignment of trial justices in that department — discretion will not be reviewed — justice deprived of no legal right by assignment principally to Trial Term.

The assignment of justices of the Supreme Court to Trial and Special Term work in the First Department lies within the discretion of the justices of the Appellate Division of the Supreme Court in said department under section 2 of article 6 of the State Constitution and section 84 of the Judiciary Law, and the exercise of the discretion will not be reviewed by the courts.

A justice of the Supreme Court suffers no injury and is deprived of no legal right by the act of the justices of the Appellate Division in assigning him principally to Trial Term work.

APPEAL by the plaintiff, John Ford, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 17th day of March, 1922, pursuant to an order entered in said clerk's office on the

16th day of March, 1922, granting defendants' motion for judgment on the pleadings consisting of a complaint and a demurrer thereto.

*Joseph N. Tuttle,* for the appellant.

*Elihu Root* [*Grenville Clark* and *Cloyd Laporte* with him on the brief], for the respondents.

BLACKMAR, P. J.:

The plaintiff, a justice of the Supreme Court in the First Judicial District, brings this action against the defendants, the justices of the Appellate Division of the Supreme Court for the First Judicial Department, seeking a judgment that the defendants be directed, " in making assignments of Justices of the Supreme Court, to do so in such manner as will afford plaintiff opportunity to perform all the functions of his office by doing his fair share of all the work of the Supreme Court," and that defendants be enjoined from continuing their discrimination against the plaintiff.

The defendants having demurred on the ground that the court has not jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action, both parties moved for judgment. The court denied the motion of plaintiff and granted that of the defendants. Judgment dismissing the complaint was thereupon entered and the plaintiff appeals to this court.

The complaint alleges that in the assignment of justices to hold Trial and Special Terms " the defendants have assigned plaintiff to the trial of tort and contract cases during a much greater time in the aggregate than a fair division of the work of the court called for." The theory of the complaint seems to be that the assignment to Special Term is more desirable than that to Trial Term, and that it is the duty of the justices of the Appellate Division, in making such assignments, so to distribute the work among the trial justices that as nearly as possible the Special Term assignments shall be apportioned equally; that plaintiff has had a lesser share than other justices, and has, therefore, suffered an injury that justifies a resort to a court of equity for redress.

The power of the justices of the Appellate Division, the exercise of which is called in question in the complaint, is conferred by section 2 of article 6 of the State Constitution. So far as relevant it reads as follows: " The justices of the Appellate Division in each department shall have power to fix the times and places for holding Special Terms therein, and to assign the justices in the departments to hold such terms; or to make rules therefor." Section 84 of the Judiciary Law gives to the justices of the Appellate

Divisions the power to fix the times and places for holding Trial as well as Special Terms. The gift of this power imposes the duty to exercise it.

I shall not discuss the question of the jurisdiction of the court over the subject of the action, nor of the possibility, if there be such jurisdiction, of rendering a judgment which can redress any wrong that plaintiff claims to have suffered or in any way constrain the acts of the appellate justices in the future. I base the decision on the ground that the plaintiff has suffered no injury, or, in other words, has been deprived of no legal right; for the acts of the defendants, complained of, were within their power in the exercise of the discretion conferred upon them by law. Neither is it necessary to decide whether the duty is judicial in its nature or a ministerial duty conferred upon a board of justices and not upon a court. In either view discretion and judgment must necessarily be exercised in its performance.

It may be, as is evident in this case, that an individual justice may think that he is discriminated against and has had less than his share of the kind of work that he considers most desirable from his personal point of view. But his desires must yield to the concerted judgment of the seven justices comprising the Appellate Division.

The power to distribute the work of the court among the twenty-eight trial justices of the First Department must of necessity rest somewhere. The object of its exercise is to secure the highest degree of efficiency in the administration of justice and so promote the interest of the public. Upon the justices of the Appellate Division the power of allotment of the work has been conferred by the Constitution and it is their duty to exercise it according to their best judgment. They must determine the assignment of the trial justices to contested motions, to *ex parte* applications, to criminal trials, to equity, or to trials at law before court and jury, so as best to subserve the interest of the public in the dispatch and accuracy of legal judgments. Discretion in the exercise of this power is necessarily implied, and no other court or tribunal can substitute its judgment and discretion for theirs.

I recommend that the judgment be affirmed, but without costs.

Present — BLACKMAR, P. J., RICH, JAYCOX, MANNING and KELBY, JJ.

Judgment unanimously affirmed, without costs.