METROPOLITAN LIFE INSURANCE COMPANY, Appellant, *v.* UNION TRUST COMPANY OF ROCHESTER, Respondent, et al., Defendants.

Argued April 9, 1945; decided May 24, 1945.

*Robert F. MacCameron, Frank Ewing* and *Brooks M. Tibbetts* for appellant. I. The relationship of the parties imposed upon defendant a duty to disclose the unpaid improvement cost. (*Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290; *Noved Realty Corporation* v. *A. A. P. Co., Inc.*, 250 App. Div. 1; *Burlington Savings Bank* v. *Prudential Insurance Co.*, 218 N. W. 949; *Travelers' Ins. Co.* v. *Jones*, 27 Pac. 807; *Harding* v. *Home Inv. & Sav. Co.*, 297 Pac. 1101; *Anglo Eastern Trading Co., Inc.*, v. *New Tread Tire Co.*, 222 App. Div. 475; *Rommel* v. *Metropolitan Life Ins. Co.*, 70 F. 2d 832; *Webb* v. *Southern Trust Co.*, 11 S. W. 2d 988; *Grossman* v. *Herman*, 266 N. Y. 249; *Wendt* v. *Fischer*, 243 N. Y. 439; *Meinhard* v. *Salmon*, 249 N. Y.

458; *Krafft* v. *Citizens' Bank,* 139 App. Div. 610; *Rector, etc., Ch. St. Matthew, etc.,* v. *Title G. & T. Co.,* 246 App. Div. 251, 272 N. Y. 568; *York Mortgage Corp.* v. *Clotar Const. Corp.,* 254 N. Y. 128.) II. The undisputed evidence required a finding that defendant misrepresented to plaintiff on the mortgage applications that the cost of the street, sewer and sidewalk construction therein described, was paid. (*Gray* v. *Richmond Bicycle Co.,* 167 N. Y. 348; *Downey* v. *Finucane,* 205 N. Y. 251; *Donovan* v. *Aeolian Co.,* 270 N. Y. 267; *Noved Realty Corporation* v. *A. A. P. Co., Inc.,* 250 App. Div. 1; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170; *Hotaling* v. *Leach & Co.,* 126 Misc. 845, 221 App. Div. 756, 247 N. Y. 84; *Albert* v. *Title Guarantee & Trust Co.,* 277 N. Y. 421; *Sager* v. *Friedman,* 270 N. Y. 472.) III. Due to the Referee's death no findings have been made in this case. If the Court of Appeals should conclude that a question of fact was involved the judgment and amended judgment must be reversed because the Referee failed to make any findings. (*Smith* v. *Geiger,* 202 N. Y. 306; *People ex rel. Central N. E. R. Co.* v. *State Tax Comm.,* 261 App. Div. 416; *Matter of Frasch,* 245 N. Y. 174; *People* v. *Ryan,* 274 N. Y. 149; *Riggs et al.* v. *Palmer et al.,* 115 N. Y. 506; *Fuller* v. *Galeota,* 268 App. Div. 949; *Adams* v. *Nellis,* 59 How. Prac. 385; *Servidone* v. *Hirschman,* 268 App. Div. 347; *Krause* v. *Krause,* 171 Misc. 355, 287 N. Y. 27; *Hunn* v. *N. Y. State Teachers' Retirement System,* 176 Misc. 643, 289 N. Y. 171; *B. W. G. Cooperative Corporation* v. *Collison, et al.,* 24 N. Y. S. 2d 651; *Flierl* v. *Hickey,* 24 N. Y. S. 2d 573.)

*Andrew R. Sutherland, Charles S. Wilcox, Kenneth B. Keating* and *Arthur E. Sutherland, Jr.,* for respondent. The decision made by Justice EDGCOMB was sufficient of itself and conformed in every respect to a like decision of the court. Presuming that Justice EDGCOMB's decision does not conform to the requirement of a like decision by the court, and presuming that Justice LOVE and the Appellate Division are incorrect by reason of the same error, and presuming that appellant was entitled to submit requests to find, appellant has had that privilege but has failed to exercise it. The appellant could have asked the Appellate Division to make findings of fact and conclusions of law. (*Corr* v. *Hoffman,* 256 N. Y. 254.)

LEWIS, J. In this action the plaintiff insurance company seeks to recover damages allegedly sustained by having been induced by false and fraudulent representations made by the defendant trust company to purchase numerous mortgages on land in four townships near the city of Rochester. The action was severed as to the two corporations named as defendants and an order made allowing separate trials. In the action against the defendant Abstract Title and Mortgage Corporation, a motion by that defendant for summary judgment was granted dismissing the complaint upon the merits. (*Metropolitan Life Ins. Co.* v. *Union Trust Co.*, 283 N. Y. 33.)

The action now before us against the single defendant was referred to former Supreme Court Justice ERNEST I. EDGCOMB as an Official Referee " to hear, try and determine " the issues presented. Following the conclusion of hearings which had consumed forty trial days the Referee, by what he styled a " memorandum ", signed by him and filed in Monroe County Clerk's Office on May 2, 1943, made the following direction: " * * * the complaint should be dismissed with costs. Judgment is so ordered. Prepare findings in accordance with this memorandum and send me for my signature." The Official Referee died on June 7, 1943, before proposed findings had been submitted by either party.

Thereafter the plaintiff moved at Special Term to restore the case to the calendar by reason of the death of the Referee prior to the making and signing of formal findings and conclusions. Special Term denied that motion by order dated July 16, 1943, on which date the defendant-respondent entered judgment in its favor " upon all the issues in this action and [adjudging] that the said action be * * * dismissed ". Following such entry of judgment the plaintiff moved to set aside the judgment or, in the alternative, for an order resettling the judgment by striking therefrom the words " judgment against the plaintiff upon all the issues in this action ". Special Term denied the motion to vacate but amended the judgment to read: " Adjudged that the defendant Union Trust Company of Rochester have judgment against the plaintiff dismissing the complaint herein on the merits ".

The plaintiff appealed to the Appellate Division from the original and amended judgments and from the two orders of

Special Term denying (1) the motion to restore the case to the calendar for trial and (2) the motion to vacate the judgment. The Appellate Division unanimously affirmed the judgments and orders and thereafter allowed the present appeal upon its certificate that a question of law is involved which should be reviewed by this court.

Upon this appeal from the judgment entered upon the order of the Appellate Division we consider first the question whether the " memorandum " of the Referee was a " decision " upon which judgment could be entered.

Procedure incidental to the decision by a referee is clearly defined by the Civil Practice Act. A referee has powers equal to those exercised by a trial court without a jury (§ 469); his report must comply with requirements which prevail as to a decision by the court in a like case (§ 470); *before* a cause is finally submitted to a referee the attorney for either party may submit in writing a statement of the essential facts which he deems established by the evidence and of the rulings upon questions of law which he desires the referee to make. " * * * *At or before the time when the report is rendered,* the referee must note in the margin of the statement the manner in which each proposition has been disposed of, and must file the statement thus noted; but an omission so to do does not affect the validity of the report " (§ 471); the referee's decision like the decision of the court — " * * * may be oral or in writing and, except where a nonsuit is granted, *must state the facts which it deems essential.*" (§ 440) (Emphasis supplied.)

In strict conformance with the statutory requirements for a referee's decision the " memorandum " with which we are here concerned contained a detailed statement of the facts which the Referee deemed essential to his decision. The several contentions advanced by the plaintiff in support of its complaint and requiring proof of substantiating facts were in each instance followed by a conclusive, unequivocal statement of the Referee's finding that the contention lacked evidentiary support. An example of the type of statement last above mentioned is furnished by the following — which refers to one of the plaintiff's chief contentions: " The evidence fails to warrant a finding of any willful withholding by the bank of knowledge pertinent to the sale of these mortgages, or to their value or

desirability, which it was in duty bound to disclose, or of any misstatement of a past or existing fact. Without such a misrepresentation, or something equivalent thereto, there can be no fraud, and nothing for the other party to rely upon. The misrepresentation being missing here, plaintiff cannot recover, and it becomes unnecessary to inquire whether the other elements required to sustain an action for fraud and deceit have been established.''

When, in the closing paragraph of his '' memorandum '' the referee stated that '' * * * the complaint should be dismissed with costs,'' which statement is immediately followed by the direction '' Judgment is so ordered,'' we think the language so employed '' * * * carried direct and immediate legal consequences '' (*Corr* v. *Hoffman,* 256 N. Y. 254, 268) — one of which was that judgment might be entered thereupon as a ministerial act. (Rules Civ. Prac., rule 198; *Corr* v. *Hoffman, supra,* p. 263; *Vogel* v. *Edwards,* 283 N. Y. 118, 121.) The fact that in a written '' memorandum '' the Referee included a conclusive statement of his findings as to factual issues and a direction for the entry of judgment, qualifies that '' memorandum '' as a decision upon which a judgment was properly entered. (*Tallmadge* v. *Lounsbury,* 13 N. Y. S. 602, 603, affd. 126 N. Y. 655.) The decision in *Smith* v. *Geiger* (202 N. Y. 306) is not authority to the contrary. There, unlike our present case, the Referee (p. 307) '' found no facts * * * and gave no direction for judgment.'' Likewise in *Ventimiglia* v. *Eichner* (213 N. Y. 147), this court was careful to point out (p. 149) that there was no document by the trial court which directed the entry of judgment in accord with the conclusion reached.

The appellant stresses the fact that in the '' memorandum '', after the direction for the entry of judgment, appears the sentence — '' Prepare findings in accordance with this memorandum and send me for my signature.'' We do not think the sentence last quoted above makes the Referee's decision legally insufficient as a basis for the entry of judgment. The Referee specified that proposed findings, if any, must be '' in accordance with this memorandum '' — a strong indication that he considered as final the decision embodied in that document. It must also be remembered that if, in response to the permission thus given by the Referee, any party chose to submit

proposed findings at a time which was concededly long subsequent to the submission of the case, not only were they untimely (Civ. Prac. Act, § 471) but, had the Referee marked proposals thus delayed, the privilege thus given would have been a favor, not a right. Had he lived to make any findings proposed by the plaintiff — which presumably would have been " in accordance with (his) memorandum " — they could not have affected the decision previously rendered in the case and the judgment entered thereon. (See *Matter of Joroco Silk Corp.* v. *Nova,* 265 App. Div. 1061.)

In the circumstances disclosed by this record we do not find the conclusion to be warranted that the relationship between the appellant and the respondent imposed upon the latter a duty to disclose the cost of unpaid local improvements upon the mortgaged lands; nor do we find sufficient evidence to warrant a finding that the respondent misrepresented to the appellant on mortgage applications that the cost of such local improvements had been paid.

The judgment should be affirmed, with costs.

CONWAY, J. (dissenting). The question presented upon this record is whether that which an Official Referee denominated a " memorandum ", following a trial before him as Referee to hear and determine, is a decision within the meaning of the Civil Practice Act. The concluding two paragraphs of the " memorandum " are as follows, and we quote them to indicate how serious was the deprivation to plaintiff of the opportunity to have findings of fact passed upon by the Official Referee:

" The evidence fails to warrant a finding of any willful withholding by the bank of knowledge pertinent to the sale of these mortgages, or to their value or desirability, which it was in duty bound to disclose, or of any misstatement of a past or existing fact. Without such a misrepresentation, or something equivalent thereto, there can be no fraud, and nothing for the other party to rely upon. The misrepresentation being missing here, plaintiff cannot recover; and it becomes unnecessary to inquire whether the other elements required to sustain an action for fraud and deceit have been established.

" If I am correct in the conclusions already reached, it follows that the complaint should be dismissed with costs. Judg-

ment is so ordered.  Prepare findings in accordance with this memorandum and send me for my signature."

Following the filing of the " memorandum " on May 2, 1943, attorneys for the plaintiff sent to the Official Referee the following letter:

" We would like to submit to you requests to find on behalf of the plaintiff.  Since receiving your decision I have been busy preparing for a certiorari trial which commences next Tuesday and may run into the following week.  It will probably not be until June 1st that I will be able to submit our requests.  Also, I would appreciate it very much if the proposed findings of fact and conclusions of law be settled on notice, so that we might have opportunity of examining them.

Thanking you for sending back the exhibits which we received in due course.  With kindest personal regards."

On May 10th, the Official Referee wrote in reply:

" Your letter just received.  I note that you wish to submit requests to find in the Metropolitan Insurance Co. case.  I think you should have that privilege, and will be glad to give it to you.

I also note that you want to have the defendant's findings settled on notice.  I am sending a copy of this letter to Mr. Sutherland, and am asking him to serve a copy of his proposed findings on you, and if you cannot agree upon them, I will be glad to settle them.  Let me know when it would be agreeable to you and Mr. Sutherland to settle any dispute between you, and I will try to take care of you at that time."

The Official Referee died on June 7, 1943, before proposed findings of fact had been served by defendant or prepared by plaintiff.

There can be but one decision, and it seems clear that the only inference which may be drawn from the reference by the Official Referee to the paper filed by him as a " memorandum " and the correspondence quoted is that the Official Referee did not intend the " memorandum " to be a decision but was directing the submission to him of a proposed formal decision.  The Official Referee makes clear his intention at the time of filing his " memorandum " by indicating in his letter of May 10th that he proposed to " settle ". the findings, prior to their incorporation in a decision, if the counsel could not agree upon them.  The learned Official Referee labored under no impression that his judicial power had been exhausted and that judgment could be

entered forthwith without further ado upon his " memorandum."

The intent of the Official Referee is further made clear by the affidavit of counsel for plaintiff, submitted in support of his motion to restore the case to the calendar, which stands uncontradicted:

" After the evidence had been closed on December 3, 1942, the said referee directed on the record that briefs be exchanged between the parties, and that the case be orally summed up on approximately March 1, 1943. Prior to the placing on the record of the dates on which briefs should be exchanged and the case orally summed up, there was considerable discussion on the subject off the record. During this discussion deponent asked Judge EDGCOMB [the Official Referee] whether he wished to have requests and findings submitted with the briefs. He indicated that the matter of submitting findings and requests should be left until a later date."

. The learned Official Referee knew well from his long experience the distinctions and differences among memoranda, opinions and decisions. The learned Official Referee never intended thereafter to file a " memorandum " which would deprive counsel of the opportunity afforded by law " to submit findings " before the case was " finally submitted ", and such a distinguished lawyer and jurist would never request submission of findings " in accordance " with his " memorandum " if he had intended that judgment should be entered by the clerk before there was opportunity for him to sign such findings.

. The " memorandum " would constitute a " decision " if it appeared that the Official Referee intended that the papers should be his final determination of the issues and of fact submitted to him, and that a judgment might be entered by the clerk as directed therein, " on filing the decision or report " in accordance with rule 198 of the Rules of Civil Practice. The record of the proceedings discloses, it seems to us, that the contrary was the intention of the Official Referee.

The judgment appealed from should be reversed, with costs, and a new trial granted.

DESMOND, THACHER and DYE, JJ., concur with LEWIS, J.; CONWAY, J., dissents in opinion in which LEHMAN, Ch. J., and LOUGHRAN, J., concur.

Judgment affirmed. [See 294 N. Y. 962.]