■ CAMERON ESTATES, INC., Respondent, v. GEORGE T. DEERING et al., Defendants, and MARY STEGMAIER et al., Appellants.— In an action pursuant to article 15 of the Real Property Law to determine claims to real property (*Cameron Estates* v. *Deering*, 308 N. Y. 24), appellants moved for a new trial on the grounds of newly discovered evidence and surprise. By a written decision dated January 23, 1956 Special Term (RITCHIE, J.) referred the motion, on respondent's application, for determination to the Official Referee before whom the case had been heard and determined on consent. By a written decision dated April 12, 1956 Special Term (RITCHIE, J.) denied appellants' motion to reopen and reargue the decision referring the motion for a new trial to the Official Referee. On April 20, 1956 appellants, without notice of settlement to respondent, mailed to the court for signature a proposed order on the decision of April 12, and on April 28, 1956 Special Term signed the order denying appellants' motion for reargument and granting respondent's application to refer the motion for a new trial to the Official Referee. In a written decision dated April 19, 1956 the Official Referee denied their motion for a new trial, on the merits. Respondent settled the order denying the motion, on notice, returnable at the chambers of the Official Referee in Kings County. The Official Referee signed the order entered pursuant thereto on April 26, 1956. By a motion returnable on May 21, 1956 appellants moved at Special Term (HOGAN, J.) to vacate the order of the Official Referee on the grounds that the " granting [*sic*] " of the motion was irregular and that the Official Referee did not have jurisdiction to hear and determine such motion. The instant appeal is from the order dated June 6, 1956 denying the motion to vacate the order of the Official Referee. On December 31, 1956 the term of the Official Referee terminated. On January 7, 1956 the appeal from so much of the order dated April 28 as denied reargument was dismissed and the order, insofar as it referred the motion for a new trial to the Official Referee for determination, was affirmed (*Cameron Estates* v. *Stegmaier*, 3 A D 2d 663). Order affirmed, with $10 costs and disbursements. Appellants ignored respondent's request for an agreement as to an appearance before the Official Referee for argument and did not communicate with the Official Referee to fix a time and place for argument nor did they present to the Official Referee any objection based on claim of irregularity or lack of jurisdiction. The Official Referee had announced that he was prepared to hear argument on the motion for a new trial at such time as counsel for the

parties agreed upon. Finally, almost three months after the motion was referred to the Official Referee, respondent, having been unable to obtain a response from the appellants as to fixing the time, or for bringing the matter on, for argument, informed the Official Referee and the appellants that it would consider the matter submitted to the Official Referee on the motion papers and affidavit in opposition. The Official Referee made his determination on the merits, not on default. Appellants made no motion before the Official Referee for reargument or for a rehearing. Assuming that there were irregularities or defects because of the fact that the Official Referee made his decision prior to the signing of the formal order referring the motion for a new trial and because of the fact that the order was noticed for settlement in Kings County, such irregularities or defects would not warrant the vacatur of the Official Referee's order under the circumstances involved (*Willson* v. *Henderson,* 15 How. Prac. 90; *May* v. *Cooper,* 24 Hun 7; *Wright* v. *Brone,* 79 Hun 385; see, e.g., *Ford* v. *Clarke,* 204 App. Div. 5, affd. 236 N. Y. 606). When Special Term made its decision on January 23, 1956 its judicial function was completed and the entry of an order thereon was a mere ministerial act (*Fish* v. *Emerson,* 44 N. Y. 376; *Metropolitun Lif- Ins. Co.* v. *Union Trust Co. of Rochester,* 294 N. Y. 254, 259). If, prio· to the signing of the formal order referring the motion, it had been ca⌐ ̣d to the attention of the Special Term that the Official Referee had alrea..y made his decision, Special Term could have made a written notation in the order that the referral was to take effect retroactively, as of January 23, 1956 (*Polizotti* v. *Polizotti,* 305 N. Y. 176, 179). The absence of a specific provision that the referral was to take effect retroactively does not warrant the vacatur of the Official Referee's order. We call appellants' attention to the fact that when this court made the assignments for 1956, the Official Referee herein was assigned to Kings and Nassau Counties, but it was also provided that each Official Referee, for the entire year, in addition to his assignment to the counties named, was also assigned for service in all the other counties in the Second Judicial Department and might hear referable matters in any county within said department. There was also a statement that "In each county the references will be heard by the referee either at the same place where the appointed terms of the Supreme Court are held or at his chambers." Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur. [See 4 A D 2d 681.]