■ ILEANA B. LINDT, Respondent, v. SOLOMON R. GUGGENHEIM FOUNDATION, Appellant, et al., Defendants.— Order entered on August 4, 1965, granting new trial unanimously reversed on the law and the facts and judgment directed to be entered for defendant in accordance with the decision and opinion of GREENBERG, J., without costs to any party against the other. This case was tried by the court without a jury. Upon the completion of the testimony the court dictated a memorandum from which the facts as he found them and the legal conclusions he drew from them can be readily ascertained. It was, however, understood that counsel were to submit proposed findings of fact and conclusions of law. Before this could be done the untimely death of the Trial Judge intervened. Plaintiff, who was the losing party on the trial, then moved for a new trial. The motion was granted. We believe this to be error. CPLR 9002 provides that a verdict, report or decision in a civil proceeding shall not be affected by the death of the Judge rendering the same and that any other Judge of the same court may give effect to such verdict, report or decision, and may make and sign an appropriate order or judgment based thereon. The mere fact that the decision here was oral and dictated onto the record does not affect its validity (CPLR 4213, subd. [b]). Here all that remained to be done by the trial court was to pass on whatever formal findings the parties submitted. The court had, however, made its own findings. This was a clear indication of what findings would be made on the formal application. In a similar situation it has been decided that the absence of formal findings is no impediment to the entry of judgment (*Metropolitan Life Ins. Co.* v. *Union Trust Co.*, 294 N. Y. 254). Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.