Sidney Squibb, J.
This memorandum relates solely to the practice and procedure pertaining to the contents of proposed decisions consisting of proposed findings of fact and proposed conclusions of law.
In too many cases in this court where trials are conducted before a Judge without a jury, have the proposed decisions been examples of battology. At Bar a claim ex contractu, the proposed conclusions of law submitted were commendable in number: one by the claimant and four by the defendant. However, for the proposed findings of fact, claimant had 239 and the defendant, 137. Each was overly lengthy. The claimant’s were inordinately excessive; too many swarming in impropriety.
In a case before me last year (Claim No. 43194) the claimant submitted 68 proposed (and supplemental) findings of fact; the defendant had 170 proposed (and supplemental) findings of fact and 30 proposed conclusions of law. In the final paragraph of my decision therein, I expressed disapproval of the form of defendant’s conclusions.
Earlier this year in a contract claim (No. 44022) where the defendant had 178 proposed findings of fact and 25 proposed conclusions of law, criticism of the form and contents of many of these proposed conclusions of law was contained in my decision at the end of which I declared: u The defendant’s
practice of reciting general principles of law in its Proposed Conclusions of Law without specific references to the cause of action or * item ’ involved, is not good practice and is disapproved; especially so at bar where differing causes of action depend on specific facts not pertinent to other causes herein, and principles of law germane to a particular cause of action are not applicable to other causes of action.”
There are so many other recent ■ examples of inundation. A recital of two more is demonstrative: In a joint trial of four tort claims (No. 43405 et seq.) arising out of one incident, *930 claimants had me pass on 358 proposed findings of fact and 26 proposed conclusions of law. In a contract action (No. 42601), claimant submitted 318 proposed findings of fact and 25 proposed conclusions of law. (Fortunately, in appropriation cases before me, counsel usually waive the submission of proposed decisions.)
Often, colleagues of mine in unreported decisions, have referred to our harassment by verbose, prolix, redundant and tautología examples. A Judge wants to give a trial lawyer ample opportunity to present whatever the latter believes helpful for the cause of his client. However, every lawyer is an arm of the court and owes the cause of justice the obligation of refraining from submitting overburdensome improper proposed decisions which do not serve a client’s posture and do undermine the health and equilibrium of members of our judiciary.
None of the foregoing is a thought original with me. Bather than continue personal juridical observations, it should be conducive to propriety to quote- respectable authority, intending thereby to alert many members of the Bar to what is expected under these circumstances.
Almost 25 years ago, Mr. Justice Bbnvebtga tried an injunction action predicated on alleged unfair competition (Wise & Co. v. Doubleday, Doran & Co., 60 N. Y. S. 2d 719, affd. 272 App. Div. 1005), After directing judgment for the defendants in four printed pages of factual findings and legal conclusions, he aded the following on pages 724-725:
“ On Submission of Findings of Facts and Conclusions of Law.
‘ ‘ In this action for an injunction, judgment was directed for the defendants, and at the suggestion of counsel, the parties were instructed to settle findings of fact and conclusions of law in accordance with the decision. The decision, which was in writing, stated the ‘ facts ’ which the court deemed essential. See Civil Practice Act, § 440. Subsequently, the parties submitted so-called findings of fact and conclusions of law. The plaintiff has handed up 101 such findings and conclusions, and the defendants 71. Many of these do not state the ultimate facts as required by statute, but contain matters of an evidentiary nature, Cf. Carmody’s Manual N. Y. Practice, 1938, § 159.
!£ It is well settled that findings of fact must set forth ‘ ultimate facts ’, and not a rehash of the evidence. Grodley v. Cran *931 dall & Godley Co., 212 N. Y. 121, 132, 105 N. E. 818, 822, L. R. A. 1915D, 632; Metropolitan Life Ins. Co. v. Union Trust Co. of Rochester, 268 App. Div. 474, 479, 51 N. Y. S. 2d 318, 322; Carmody’s Manual N. Y. Practice § 421. ' Neither evidence, argument nor comment has any legitimate place in findings of fact or law. They should be conclusions of fact from the evidence and conclusions of law from the facts found, and both stated without repetition, and in the most concise and direct manner. ’ Glacius v. Black, 50 N. Y. 145, 147, 10 Am. Rep. 449; Cf. Carmody’s Manual N. Y. Practice, § 422. And it is equally well settled that where, as here, the trial court has rendered an opinion in writing setting forth the facts upon which the decision is based, the court is not required to pass upon proposed finding’s of fact and conclusions of 1-aw. Matter of Joroco Silk Corp., 265 App. Div. 1061, 39 N. Y. S. 2d 473; Hamer v. Flatto, 170 Misc. 560, 10 N. Y. S. 2d 742; Grace v. Corn Exchange Bank Trust Co., 171 Misc. 522, 533, 14 N. Y. S. 2d 400, 410; Pearlstein v. Bass, * * * 60 N. Y. S. 2d 713. Therefore, unless counsel, within ten days from the date hereof, submit proposed findings of fact and conclusions of law in proper form, the opinion herein will be considered the decision and the judgment submitted will be signed.”
Less than five years ago, Mr. Justice Benjamin (now a member of the Appellate Division, Second Department), then a Justice of the Supreme Court, tried in our court the three companion appropriation claims of County Aggregates v. State of New York (No. 38794, No. 39247 and No. 39634). In his unreported decision dated February 24,1965, at the top of page 5 he wrote:
11 In this case, the Court has been required, by reason of archaic practices, to wrestle with some 212 Proposed Findings of Fact submitted on behalf of the claimant, 130 Proposed Findings of Fact submitted by the State, 51 Proposed Conclusions of Law submitted by claimant, and 14 Proposed Conclusions of Law submitted by the State, a gross total of 407 Proposed Findings of Fact and Conclusions of Law. The need for passing upon these multiple findings could have been obviated by a simple decision of the Court, supported by a full explanation of the rationale of such decision in the manner and form employed in connection with takings by the City of New York under the Administrative Code. The conflicts and confusion which spring from placing these proposed adversary findings in juxtaposition, -and in dealing with the semantics of each of *932 them rather than with the basic problems of the case, are an unhappy waste of judicial time, wholly unsupportable by common sense and logic, and calculated to lead to entrapment and obfuscation rather than to enlightenment.
‘ ‘ Many findings befused could possibly be found if couched in appropriate language, but the Court is required to pass upon them as submitted since, under the present system, the litigants are entitled to a determination by the Court with respect to each proposal as made by them. The end result is to leave a large area of uncertainty as to the basis for the decision, rather than to clarify such rationale.
“ * * * Similarly, many proposed findings are merely Hornbook statements of the general principles of law applicable in an appropriation case, and are wholly irrelevant as findings of fact and conclusions of law in the instant case. Unless the findings of the court are supportable by the proper theories of damages and evidence, its determination necessarily rests upon an improper foundation. To require the Court, as it has been here suggested, to restate such basic principles, is hardly proper as either a finding of fact or a conclusion of law.
“ The Court has been repeatedly asked to find that witnesses testified in a certain manner. While it may be completely factual that they so testified, and this Court has so found, such a finding cannot be interpreted as a finding that the facts so testified to are true.
“ The use of such a finding is obviously a device calculated to confuse and obfuscate.
“ The issues involved in this case are relatively simple. It has taken more time to cope with the complexities of the findings than to arrive at the ultimate determination of value which is the basic problem confronting the Court. The findings of fact and conclusions of law, signed by the Court in the language in which they have been submitted, are inadequate to succinctly set for the the basis of the Court’s decision herein. For that .reason, the Court has deemed it appropriate to append thereto this supplemental memorandum.”
The foregoing two opinions were written by Trial Justices of the First and Second Departments. Finally, there is the instructive quotation from the Per Curiam opinion of the Appellate Division, Fourth Department, in Ryan & Son v. Lancaster Homes (22 A D 2d 186, 191-192):
“We feel constrained to comment upon the requests for findings of fact which were submitted by the plaintiffs to the Trial Justice pursuant to CPLR 4213 (subd. [a]). In rendering his decision, the Trial Justice followed the common practice *933 of indicating which of the proposed findings he had adopted, and which he had refused. However, many of the proposed findings, while not being wholly without some basis in the record, are evidentiary, immaterial, argumentative, repetitions and, in some instances, misleading. Others are not supported by evidence. The CPLR directs that ‘ [t]he decision of the court * shall state the facts it deems essential.5 (CPLR 4213, subd. [b].) A.s this court has stated previously: ‘ That obviously means the facts upon which the rights or liability of the parties depend and does not include evidentiary facts which are merely relevant to the facts which determine the rights or liability of the parties.’ (Metropolitan Life Ins. Co. v. Union Trust Co., 268 App. Div. 474, 479, affd. 294 N. Y. 254.) We disapprove of the practice of submitting proposed findings which contain evidentiary matter or factual matter not essential to the decision of the court. The CPLB provides that each requested finding shall be ‘ so phrased that the court may conveniently pass upon it.’ (CPLR 4213, subd. [a].) Bequests to find facts which are immaterial or which are so drafted as to be argumentative or misleading fail to satisfy this requirement. Our determination of the invalidity of certain findings is based upon these general rules.
“ The judgments appealed from should be reversed and the complaint dismissed.”
This memorandum is written to notify the Bar that should there be a further persistence in the violation of these salutary precepts, I shall refuse to consume my evenings, weekends and holidays in passing upon, correcting, interlining and deleting too many portions of such objectionable matter. Instead, there will be an opinion written concisely stating facts found and the legal conclusions predicated thereon, which will constitute my decision on which judgment will be directed to he entered.
Obviously, none of this is intended for the great majority of lawyers whose proposed decisions are beneficial and whose products cannot be the subject of this memorandum.