OPINION OF THE COURT
Frank Composto, J.
Plaintiff moves for a new trial in this action to foreclose a mechanic’s lien and defendants cross-move for the entry of judgment pursuant to CPLR 9002. The question before the court is whether judgment may be entered pursuant to CPLR 9002 in the absence of signed decisions.
This matter was tried before the late Justice McGroarty in November of 1974 without a jury and decision was reserved. Both parties waived the submission of findings of fact and conclusions of law. Both parties received copies of a lengthy memorandum decision dated April 17, 1975 which reviewed the facts and applicable law and dismissed the plaintiffs cause of action as well as the defendants’ defenses and counterclaims. Plaintiff then moved for reconsideration and the parties received copies of a memorandum decision dated August 20, 1975, in which the court adhered to its original decision. Signed decisions have never been found. The court’s examination of the minute books of both this court and of the county clerk discloses that the Special Term, Part I minute book contains the following entry dated June 20, 1975 dealing with plaintiffs motion: "Reconsider — ref. to McGroarty, J. Memo: Granted, Court adheres to original decision.” There is an additional entry: "On October 1, 1975 motion papers sent to *219 County Clerk without order.” The county clerk’s minute book contains the following entry dated October 1, 1975: "Filed affidavits, affirming memo by McGroarty (J) notice, no order.” At no time has plaintiff ever questioned the authenticity of either decision he received, but he contends that CPLR 9002, under the facts here, does not contemplate another Justice’s ordering judgment in this matter.
The statute provides that a Judge’s decision shall not be affected by death and any other Judge may give effect thereto by making and signing an appropriate order or judgment based thereon (Lindt v Guggenheim Foundation, 24 AD2d 944). The signing of an order or judgment and directing its entry are merely ministerial acts which may be performed by any duly designated Justice of this court in view of Justice McGroarty’s death (Matter of New York State Labor Relations Bd. v American Marble Co., 13 Misc 2d 877, affd 7 AD2d 907). The absence of findings of fact and conclusions of law (which were waived) would not be an impediment to the entry of judgment (Metropolitan Life Ins. Co. v Union Trust Co. of Rochester, 294 NY 254; Lindt v Guggenheim Foundation, supra). In view of the parties’ acceptance of the authenticity of the first decision they received and their reliance on it, the plaintiff’s ordering a transcript of the minutes for his motion for reconsideration, his making of that motion and the adherence to the original decision confirmed by the various minute book entries, the court concludes the absence from the files of any decision signed by Justice McGroarty is not a bar to the entry of judgment herein. The court considers the decision in Pagano, Inc. v City of New York (260 App Div 1000; see 172 Misc 370, 176 Misc 896) inapplicable to the facts of this case since the language of the initialed memorandum "Settle decision and judgment on notice” clearly indicates that it was a legal opinion rather than a decision. Accordingly, plaintiff’s motion for a new trial is denied and defendants’ cross motion for the entry of judgment is granted.