■ LEONARD SCHAMMEL, Respondent, v MARILYN SCHAMMEL, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Xavier Riccobono, J., pursuant to CPLR 9002; Alfred Ascione, J., at trial), entered July 7, 1989, which, *inter alia,* granted both parties a divorce on the ground of cruel and inhuman treatment and resolved issues of marital property distribution; and order of the same court (Glen, J.), entered November 21, 1989, which, *inter alia,* denied defendant's request to have a hearing on the circumstances surrounding the signing of Justice Ascione's November 29, 1988 decision, are unanimously affirmed, without costs.

In this joint matrimonial action, the parties were granted a joint divorce upon the ground of cruel and inhuman treatment towards each other. The only issues on appeal concern the economic distribution of marital assets coupled with the court process by which the divorce judgment was issued.

Although the 10-day trial in this action took place in September-October 1986, a decision on the matter was not rendered until November 29, 1988. The court, which was in the best position to observe the demeanor of the witnesses and assess their ability to tell the truth, credited plaintiff husband's testimony and, *inter alia,* directed the sale of the parties' North Haven marital vacation home, valued at $450,000, the net proceeds of which are to be divided 55% to defendant wife and 45% to plaintiff husband; awarded plaintiff 100% interest in parcel No. 1 located in East Hampton, plaintiff's general partnership interests in Ocean Associates, and Watch Case Factory Associates; and directed that all maintenance arrears be deducted from plaintiff's 45% share in the net proceeds of the North Haven property. Before a judgment could be entered, Justice Ascione died.

On February 28, 1989 defendant's motion for reargument and reconsideration of the trial court's decision was denied by Justice Kristin Booth Glen on the ground that the proper remedy for review of a decision gendered by a Justice of coordinate jurisdiction was a direct appeal. Upon the entry of judgment pursuant to the mechanism set forth in CPLR 9002, defendant moved before Justice Glen to set aside the decision, vacatur of judgment (citing CPLR 4404 [b]; 5015) and for a full fact-finding hearing on the circumstances surrounding the preparation and signing of the decision. Defendant alleged that Justice Ascione's terminal illness prevented him from supervising the preparation and signing of the decision, that the decision was a wholesale verbatim adoption of plaintiff's posttrial brief (see, Capasso v Capasso, 119 AD2d 268, appeal after remand 129 AD2d 267, mod 133 AD2d 23, lv denied 70 NY2d 988) and not supported by the evidence. Upon the court's denial of relief, the appeals from judgment of divorce and Justice Glen's November 1989 order were consolidated.

Defendant's collateral attack upon the judgment entered pursuant to CPLR 9002 is to no avail. Although an unsigned memorandum decision by the Trial Judge is insufficient to allow a judgment to be entered pursuant to CPLR 9002 (see, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 9002.01; accord, Lindt v Guggenheim Found., 24 AD2d 944), the instant judgment is properly based upon a signed decision by Justice Ascione. Defendant's conclusory allegations, concerning Justice Ascione's health, are unsupported by the submission of any affidavits concerning the Justice's health as to warrant a fact-finding hearing. Since there is a presumption of regularity which attaches to the signing of the court's decision (see, e.g., People v Lopez, 97 AD2d 5, 8) which has not been adequately challenged, Justice Glen properly denied defendant's request for a fact-finding hearing.

Defendant's contention that the trial court's decision was a verbatim adoption of plaintiff's posttrial brief is not supported by the record. For example, the trial court rejected plaintiff's request that he be awarded 75% of the net proceeds of the North Haven property. Although defendant testified that she made numerous contributions to the procurement and enhancement of the value of this and other marital proprietary interests, the trial court's decision to credit plaintiff's testimony is entitled to great weight, and the findings concerning distribution have support in the record. The fact that a certain property is considered marital property for purposes of equitable distribution does not necessarily mean defendant

wife is entitled to equal or any distribution of such asset. *(See, Arvantides v Arvantides,* 64 NY2d 1033, 1034.) The distribution is left to the trial court's discretion *(Applebaum v Applebaum,* 142 AD2d 300) and no abuse can be discerned from the record. Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.