◾ In the Matter of Ursula Holm-Beer, Appellant, v Gilbert Holm, Respondent.—Order unanimously reversed on the law without costs and matter remitted to Onondaga County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred by entering an order, pursuant to CPLR 9002, on behalf of retired Family Court Judge Barth, suspending the original respondent's child support obligation as of February 6, 1980. There is no evidence in the record that Judge Barth ever rendered a decision determining the issue raised in the 1980 petition. In fact, the record is insufficient to support a conclusion that the matter was ever assigned to Judge Barth. In our view, a letter from a collection officer in the Child Support Collection Unit to the original petitioner, dated November 19, 1980, indicating that "current care was suspended" as of February 6, 1980, without more, does not provide sufficient proof that Judge Barth decided the matter so as to entitle a present Family Court Judge to "give effect" to that decision (CPLR 9002; *cf., Metropolitan Life Ins. Co. v Union Trust Co.,* 294 NY 254; *Schammel v Schammel,* 161 AD2d 407; *Lindt v Guggenheim Found.,* 24 AD2d 944; *Rosenshein v Guillen,* 92 Misc 2d 217).

Family Court further erred by entering an order determining respondent's 1980 petition because the opposing affidavit of petitioner raises a sufficient issue concerning whether she ever received notice of the petition to preclude summary determination. Consequently, the order is reversed and the matter remitted to Onondaga County Family Court to consider de novo respondent's 1980 petition. At that time, Family Court should also consider respondent's argument, made on appeal, that laches should bar petitioner from seeking child support arrearages. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Modify Child Support.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.