In the Matter of JOHN DOE, as Justice of the Supreme Court, Respondent, v COMMISSION ON JUDICIAL CONDUCT, Appellant.

Memorandum: In this CPLR article 78 proceeding in the nature of mandamus petitioner seeks an order requiring the Commission on Judicial Conduct to dismiss an "Administrator's Complaint" which accuses petitioner of judicial misconduct. Petitioner contends that, because the Judiciary Law sets forth no time limitation within which an investigation based on an Administrator's complaint must be concluded, unless a final disposition of the Administrator's complaint is made the accused Judge might have to operate in perpetuity under the cloud created by the charge. The Commission moved to dismiss the petition on the grounds that it fails to state a cause of action and that the court lacks subject matter jurisdiction and appeals from the denial of its motion. We hold that Supreme Court has jurisdiction to hear and determine claims that the Commission has exceeded its authorized powers or is not proceeding in the manner provided by law *(see, e.g., Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597), but dismiss the petition since it fails to state a cause of action.

An "Administrator's Complaint" is merely a procedural device "which triggers the commission's authority to commence an investigation into the alleged improprieties" *(Matter of New York State Commn. on Judicial Conduct v Doe,* 61 NY2d 56, 60). It "represent[s] only the initiation of an investi-

gation of judicial impropriety and not the institution of formal proceedings" *(supra,* at p 61; *see,* Judiciary Law § 44 [1], [2]). "If, in the course of an investigation, the commission determines that a hearing is warranted it shall direct that a formal written complaint * * * be drawn and served upon the judge involved" (Judiciary Law § 44 [4]). Here, the procedures detailed in Judiciary Law article 2-A have been complied with.

The Judiciary Law does not require that any action be taken regarding an Administrator's complaint. Regulations promulgated by the Commission provide that the Commission "may dismiss the [Administrator's] complaint" at any time (22 NYCRR 7000.3 [c]); however, neither the statute nor the regulations mandates such action. On the other hand, the Commission may not order a hearing or impose sanctions against a Judge except upon a formal written complaint. No consequences to a Judge result from an Administrator's complaint except an investigation and no statutory duty is imposed on the Commission to dispose of the complaint in any particular manner or at all. Petitioner has failed to allege a statutory basis for his claim that the Commission has a legal duty to dismiss the Administrator's complaint and under these circumstances no such duty may be implied on grounds of fairness or due process. "The mere filing of an administrator's complaint * * * simply has too remote an impact on protected rights" *(Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597, 610, *supra)* to warrant judicial intervention in the Commission's administrative procedures. (Appeal from order of Supreme Court, Erie County, McGowan, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.