■ In the Matter of GILBERT I. RIFKIN, Petitioner, v COMMISSIONER OF EDUCATION, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent which revoked petitioner's license to practice accountancy in New York.

Petitioner was licensed as a certified public accountant by the State. Robert Morton was a fashion designer and the sole shareholder of two corporations which manufactured and sold his designs. Petitioner was employed as both a business and personal accountant by Morton from 1971 to 1975. At some point in time, Morton complained to the Office of Professional Discipline that, without his knowledge or authorization, petitioner converted more than $50,000 of corporate moneys for personal use. Respondent served a notice of hearing and statement of charges on petitioner for professional misconduct pursuant to Education Law § 6509. The statement of charges contained the following four specifications of professional misconduct: (1) practicing the profession fraudulently, (2) exercis-

ing undue influence on a client in such a manner as to exploit the client for petitioner's own financial gain, (3) exhibiting conduct in the practice of the profession which evidences moral unfitness to practice the profession pursuant to 8 NYCRR 29.1 (b) (5), and (4) failing to comply with 8 NYCRR 29.1 (b) (1). Petitioner denied the charges and hearings were held before a five-member Hearing Panel of the State Board for Public Accountancy on July 30 and September 4, 1986. During the hearings, petitioner conceded that he had received blank checks from his clients, filled in Morton's name as payee on the checks, endorsed Morton's name and deposited them into his account. However, petitioner argued that he was authorized to do so. On September 4, 1986, after closing statements, the Hearing Panel considered the evidence before it and voted on each of the four specifications.

On the first specification of the charges, the Hearing Panel found by a vote of four to one that petitioner was guilty by a preponderance of the evidence. On the second specification, petitioner was unanimously found guilty by a preponderance of the evidence. On the third and fourth specifications, petitioner was found not guilty. Three members of the Hearing Panel recommended revocation of petitioner's license, while two members were in favor of suspension and a fine. Before the Hearing Panel's report was completed, approved and signed by its chairperson, one of the members of the Hearing Panel died. Thereafter, in June 1987, the Hearing Panel chairperson signed the report.

Petitioner appeared before the Regents Review Committee (hereinafter the Committee) and questioned the four to one guilty vote on the first specification because a member of the Hearing Panel had died before the report was signed. As a result, the Committee issued its report which recommended that the matter be remanded to the Hearing Panel to ascertain whether the deceased member voted with the majority on specification one of the charges and what recommendation was made by that member concerning a penalty.

On remand, the Hearing Panel issued a supplemental report providing that the deceased member had cast a vote of guilty on the first specification of the charges and had recommended revocation of petitioner's license. The Hearing Panel members then recast their votes on each of the four specifications in the statement of charges, finding petitioner guilty on the second specification of the charges and not guilty on the remaining three specifications. The Hearing Panel recommended that petitioner be fined. On July 6, 1990, the Committee issued its

second report, finding petitioner guilty on specification one of the charges and not guilty on the remaining three specifications. Additionally, the Committee unanimously recommended that petitioner's license be revoked, and that certain portions of the Hearing Panel's report dated June 19, 1987, as well as certain portions of the Hearing Panel's supplemental report dated April 10, 1987 which reflected that the deceased member cast a vote of guilty on the first specification of the charges following the hearing, be adopted. On August 6, 1990, respondent issued an order implementing the Board of Regents' full adoption of the Committee's report dated July 6, 1990. Petitioner then commenced this CPLR article 78 proceeding pursuant to Education Law § 6510 (5) to review respondent's determination.

The critical issue on this appeal is whether a Hearing Panel report is valid where a Hearing Panel member dies after casting his vote, but before the completion, approval and signing of the Hearing Panel's report. A professional misconduct hearing must be conducted by a panel of five or more members of the applicable State board for the profession *(see,* Education Law § 6510 [3] [b]) and, in order for the panel to make a determination of guilt, a minimum of four of the voting members of the panel must vote for such a determination *(see,* Education Law § 6510 [3] [d]). The Hearing Panel must then render a report drafted by an Administrative Officer appointed for that purpose. The report must include the findings of fact, a determination of each charge and, where there is a determination of guilt, a recommendation of a penalty *(see,* Education Law § 6510 [3] [c], [d]). The report is subject to the approval of and signature by the Hearing Panel chairperson on behalf of the Hearing Panel *(see,* Education Law § 6510 [3] [b]). There is nothing in the Education Law which provides for the review of the report by individual panel members, or for reconsideration of a member's vote after such vote has been properly cast. Additionally, the statute specifically provides that a hearing shall not be discontinued because of the death of a Hearing Panel member *(see,* Education Law § 6510 [3] [c]).

It is clear that all of the aforesaid requirements of the Education Law were met in this case. We reject petitioner's contention that the Hearing Panel's vote was not final until the report was signed. The situation presented here is analogous to where a Judge renders a final determination but dies before an order is signed. The signing of the order, which merely embodies the prior determination, is a ministerial act

and, consequently, there is no need for a de novo proceeding *(see, Lindt v Guggenheim Found.,* 24 AD2d 944). Accordingly, we find the vote of the deceased member of the Hearing Panel valid.

Finally, we note that there is no statutory authority authorizing the Board of Regents to remand a matter to a Hearing Panel to ascertain how a particular panel member voted. The only provision allowing a remand is in the event that the Board of Regents disagrees with a Hearing Panel's determination of *not* guilty *(see,* Education Law § 6510 [4] [c]). The remand here was, therefore, improper and unauthorized, but that error was harmless and not prejudicial to petitioner *(cf., Matter of Sang Moon Kim v Ambach,* 68 AD2d 986, 987).

We have considered petitioner's remaining contentions and find them without merit.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.