OPINION OF THE COURT
Edward H. Lehner, J.
The issues before me in this CPLR article 78 proceeding are: (i) whether the determination of the respondent Commission on Judicial Conduct (the Commission) was valid in view of the fact that one of the six members (the minimum number needed for Commission action) who orally voted for the sanction of "admonition” at a March meeting of the Commission was no longer a member when the majority opinion was "approved” as the determination of the Commission at the April meeting, and (ii) whether the Supreme Court has jurisdiction to determine the aforesaid issue.
Facts
As a result of a formal complaint issued against Judge Bruce Kaplan of the New York City Family Court, an extensive hearing was held before Daniel Collins, a Referee appointed by the Commission pursuant to Judiciary Law § 43. In his final report, Mr. Collins recommended dismissal of the complaint. However, that recommendation was not accepted by the Commission, which at a meeting held on March 14, 1996 (at which 10 of its 11 members were present) decided by a 6-to-4 vote to admonish the Judge. A 10-page opinion setting forth the majority determination was then prepared by the Clerk of the Commission and submitted to the members at the next meeting held on April 19, 1996. Also submitted at that meeting was a dissenting opinion signed by Justice William C. Thompson in which he concluded that petitioner was not guilty of any misconduct and that the complaint should thus be dismissed, as well as an opinion by Stephen R. Coffey in which he concluded that petitioner’s conduct constituted a violation of the rules govern *999 ing judicial conduct, but that a "confidential letter of dismissal and caution would be sufficient redress”.
Henry T. Berger, Chair of the Commission, states that at "the April 19 meeting, in executive session, the determination was approved” (affirmation, June 11, 1996\ At oral argument, the Commission’s counsel states that he was told by Chairman Berger that there was no discussion of the various opinions at the April 19 meeting, but counsel could not state the manner by which "approval” was obtained, nor whether the various opinions were circulated among the members prior to the meeting. All of the opinions are dated May 6, 1996, but that date is asserted to have been placed thereon by the Clerk on the day that the record and the determination were sent to the Chief Judge of the Court of Appeals pursuant to Judiciary Law § 44 (7). Apparently all of the opinions were undated prior thereto.
The fact that creates the legal issue before me is that Helaine Barnett, one of the six members who voted in favor of the sanction of "admonition”, ceased being a member of the Commission as of March 31, 1996. Judiciary Law § 41 (6) requires the "concurrence” of six members for the imposition of a sanction. In light of the foregoing, by letters dated May 13 and May 28 petitioner moved before the Commission to vacate its determination and dismiss the complaint, or alternatively, remand the matter back to it for reargument. By letter dated June 7, the Clerk of the Commission advised petitioner that his requests had been denied, but no information has been provided as to the vote thereon.
There then ensued this article 78 proceeding in which petitioner seeks dismissal, or in the alternative, a remand. The initial step in this litigation was a request before me for a sealing of the file, which was denied by decision dated May 24. While that denial was temporarily stayed by a Justice of the Appellate Division, the motion for sealing was eventually denied by that Court by order dated July 18, and the determination of the Commission was published in full in the New York Law Journal on July 23. Prior thereto, the Court of Appeals had denied petitioner’s request to seal the papers filed with it pursuant to the direct appeal process provided in Judiciary Law § 44, and also rejected petitioner’s request to stay consideration of the direct appeal pending determination of the application pending before me.
Contentions of the Parties
Petitioner contends that since Helaine Barnett was not a member of the Commission at the time the majority opinion *1000 was approved in April, there were not then six members voting to approve the determination, and that consequently no valid action has been taken by the Commission on the complaint against him. Respondent, on the other hand, asserts that the oral vote of six members in March validates the determination.
With regard to this court’s jurisdiction, petitioner maintains that since the issue raised herein was not one argued before the Commission and thus not part of the record sent to the Court of Appeals on May 6, it is not subject to that Court’s review. With respect to the letters for reargument, petitioner notes that they are not part of such record, and further that they constitute an application for reargument and hence may not be considered reviewable. Respondent maintains that under the inherent broad power of review possessed by the Court of Appeals, it has jurisdiction to consider the issue raised by petitioner.
Discussion
Under Judiciary Law § 44 (7), the Commission is required to "transmit its written determination, together with its findings of fact and conclusions of law” (emphasis supplied) to the Chief Judge of the Court of Appeals. Here there was no such written determination until the opinion prepared by the Clerk was "approved” by the Commission on April 19. When I asked respondent’s counsel what is meant in Mr. Berger’s affirmation where it is stated that the determination was "approved” in April, he replied:
"The members determined that it was satisfactory to them % ifi
"I’m not sure if it was formally approved. I don’t know if it was by nodding. It must have been approved in some manner. I’m not sure if it was formally done in a vote * * *
"I assume in executive session minutes, it says that they were approved.” (Transcript, June 26, 1996, at 29.)
In any event, it is evident that some act of approval took place at the April meeting at which the members present had an opportunity then (if not earlier) to consider the two dissenting opinions which were available at the meeting. Without being able to definitively cite to any particular case, it is generally recognized that the preliminary votes of Appellate Judges, who sit in a collegial body, are from time to time changed by dissenting opinions.
*1001 Under Judiciary Law § 44 (9), the Court of Appeals is obligated, under the sui generis procedure provided therein, "to review the commission’s findings of fact and conclusions of law”. Such findings and conclusions did not exist until prepared by the Clerk and approved by the Commission in April. Since Ms. Barnett was not then a member of the Commission, the respondent cannot be said to have had six votes in support of its determination. The oral vote in March was merely an authorization for the Clerk to prepare a majority report and cannot be said to constitute a reviewable determination.
The argument by respondent that to sustain petitioner’s position would mean that "no member’s vote should be counted unless that member is present at a subsequent meeting when an opinion is distributed” (respondent’s mem of law, June 11, 1996, at 4) lacks merit. Whether or not a member need actually be present in order to cast a vote is not an issue before me. The issue is whether the person must be a member of the Commission at the time a determination is approved. However, it would seem that the eight-member quorum requirement for Commission action, as set forth in Judiciary Law § 41, implies that votes can only be taken at a meeting at which the voter is present.
In Mr. Berger’s affirmation he refers to a policy prohibiting a member from changing his or her vote if it would alter a result unless a motion to reconsider is approved by a two-thirds vote of the members. However, it is acknowledged that there is no written rule of the Commission incorporating such policy. Moreover, any rule prohibiting a change of vote by a member, after considering opinions of colleagues, would not appear valid as other members should not be able to deprive a duly designated member of his or her right to vote on a final determination.
In support of its position, respondent relies on the decision of the Third Department in Matter of Rifkin v Commissioner of Educ. (178 AD2d 856 [1991]). That case involved a license revocation hearing with respect to a certified public accountant. There, one of the panel members, who had voted to sustain the charge and revoke the accountant’s license, died before the report of the panel Chairman was issued. In rejecting the argument that the panel’s vote was not final until the report was signed, the Court analyzed the authority of the chairman to sign the report as similar to the authority provided in CPLR 9002 allowing a Judge to sign an order embodying a decision made by another Judge who had since died or otherwise left office, such signing being merely a ministerial act.
*1002 However, the situation dealt with in that case was significantly different from that before me as Education Law § 6510 (3) (b) specifically provides that the report of the panel shall be drafted by an administrative officer for the panel "which shall be subject to the approval of and signature by the panel chairperson on behalf of the panel”. That section caused the Court to conclude that there "is nothing in the Education Law which provides for the review of the report by individual panel members, or for reconsideration of a member’s vote after such vote has been properly cast”. (Matter of Rifkin v Commissioner of Educ., supra, 178 AD2d, at 858.) The Court also noted that subdivision (3) (c) of section 6510 provided that a "hearing which has been initiated shall not be discontinued because of the death or incapacity to serve of one member of the hearing panel”.
There are no provisions in article 2-A of the Judiciary Law similar to the aforesaid sections of the Education Law. The Commission determination, which is required to set forth findings of fact and conclusions of law, cannot be said to constitute a ministerial act embodying an oral vote, but rather is more like an opinion issued by an appellate court. I am not aware of any appellate court that would count a prior oral vote of a Judge who is no longer a member of the court at the time the final decision is issued. In any event, here the determination was actually submitted for approval to the full Commission.
In view of the foregoing, I conclude that there has been no valid determination of the Commission which is subject to direct review under Judiciary Law § 44, and thus believe that the matter should be remanded to the Commission for reargument before the present Commission based on the report of the Referee.
The more difficult issue presented by the instant application is whether this court has jurisdiction to render a determination on the aforesaid issue. CPLR 7801 provides that a proceeding under the article:
"shall not be used to challenge a determination:
"1. which can be adequately reviewed by appeal to a court”. The written determination reviewable under Judiciary Law § 44 (9) is stated to be of "the commission’s findings of fact and conclusions of law”, and it would not appear that the issue raised here falls within that scope of review, nor was it an issue argued before the Commission except upon reargument, the papers with respect to which are not part of the record sent to the Court of Appeals on May 6.
*1003 Although petitioner contends that the Court of Appeals does not have jurisdiction to determine the subject issue, as of the time of oral argument before me his counsel indicated that he had not yet finally decided whether to raise the issue on the direct appeal, although the Court of Appeals was advised of the question on petitioner’s request to seal the file.
Even though the statute is not definitive on the extent of the jurisdiction of the Court of Appeals, I believe it unlikely that such Court, with its broad powers of review, would impose a sanction against a Judge (which could include removal from office) without deciding the procedural validity of the Commission’s determination. While respondent cites several cases where the Court of Appeals determined issues with respect to the Commission’s jurisdiction (e.g., Matter of Backal, 87 NY2d 1 [1995]; Matter ofMazzei, 81 NY2d 568 [1993]; Matter of Greenfield, 76 NY2d 293 [1990]), in these cases the issue of the Commission’s jurisdiction was argued before it and its decision on jurisdiction was part of its determination, which makes the fact pattern in such cases different from that before me.
However, so that there shall be no delay in the final adjudication of this controversy, I will assume that the Court of Appeals lacks jurisdiction to determine this procedural issue, and since I believe that the determination is invalid for the reasons aforesaid, I am granting the petition to the extent of remanding the matter to the Commission, with the belief that the Court of Appeals will have the entire matter before it on the direct review prior to the time the Appellate Division can hear any appeal from this judgment, with the unusual consequence that the highest Court in this State will likely have considered this procedural issue before it can be reviewed by our intermediate appellate court.