(January 20, 1998)

■ In the Matter of JOHN DOE, Respondent-Appellant, v COMMISSION ON JUDICIAL CONDUCT, Appellant-Respondent. [666 NYS2d 919] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered on or about August 29, 1996, which, in a CPLR article 78 proceeding challenging respondent Commission's authority to discipline petitioner Judge, denied respondent's cross motion to dismiss for failure to state a cause of action, vacated respondent's May 6, 1996 disciplinary determination, and remanded to respondent for a renewed disciplinary determination based on the report of a Referee, unanimously modified, on the law, to reinstate respondent's May 6, 1996 disciplinary determination, and to grant respondent's cross motion to dismiss for failure to state a cause of action, and otherwise affirmed, without costs.

Petitioner claims that respondent's May 6, 1996 written determination, which recommended admonishment, is void and violates his Federal and State constitutional right to due process because, although on March 14, 1996 respondent's members voted 6 to 4 in favor of admonition, respondent did not issue the May writing until after the term of one of the members who had voted in the majority had expired and was no longer a member of respondent. While the IAS Court correctly held that it had subject matter jurisdiction over this article 78 proceeding in the nature of prohibition (*see, Matter of Nicholson v State Commn. on Judicial Conduct*, 50 NY2d 597, 606-607), it erred in holding respondent's determination to be void, and we dismiss the petition for failure to state a cause of action (*see, Matter of Doe v Commission on Judicial Conduct*, 124 AD2d 1067). "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result." (*Tango v Tulevech*, 61 NY2d 34, 41.) Respondent's discretionary or quasi-judicial act here was its March 14 deliberations and vote on the disciplinary action. The preparation and issuance of a writing memorializing such deliberations and vote, required by statute (Judiciary Law § 44 [7]), was done by respondent's clerk, performing a ministerial duty pursuant to respondent's rules (*see,* 22

NYCRR 7000.13). Respondent's vote on April 14, following circulation of the written decision, to approve the writing as drafted, did not make the March 14 determination "preliminary" (*see, Matter of Rifkin v Commissioner of Educ.*, 178 AD2d 856). Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.